## BOLTEN v. GENERAL MOTORS CORPORATION.

### No. 48 C 1450.

United States District Court
N. D. Illinois, E. D.

Jan. 26, 1949.

John P. Conmy, of Chicago, Ill., and Popham, Thompson, Popham, Mandell & Trusty, of Kansas City, Mo., for plaintiff.

Hubbard, Baker & Rice, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff, a citizen of Missouri and an employee of the Kelley Asbestos Products Co., was injured while doing certain work in defendant's plant located in Missouri. He now brings a common law action for damages based on the alleged negligence of defendant corporation. The latter denied negligence and asserted as affirmative defenses that (a) the action is barred by the two-year Statute of Limitations of Illinois, Ill.Rev.Stat.1947, c. 83, § 15, and (b) plaintiff previously recovered from the Kelley Co. under the Workmen's Compensation Act of Missouri, Mo.R.S.A. § 3689 et seq. Simultaneously, defendant moved for summary judgment on the ground that the action is barred by the Statute of Limitations. On his part, plaintiff moved for leave to dismiss the complaint without prejudice and without cost, or, in the alternative, to have the cause transferred to Missouri (which has a five-year Statute of Limitations, Mo.R.S.A. § 1014) under Section 1404 of the Judicial Code, 28 U.S.C.A.

The right of action asserted here is of common law origin rather than one created by statute and, as such, the time within which it may be enforced is governed by the general statute of limitations. And the rule is clearly established that where a general statute of limitations is interposed as a defense, the law of the forum, which is Illinois in this instance, governs. "Many, if not all, of the class·of cases referred to wherein the limitation was a part of the cause of action also recognize the general principle that where a general statute of limitations is interposed as a defense that the law of the forum governs." Haefer v. Herndon, D.C., 22 F.Supp. 523, 524.

Furthermore, it should be remembered that the selection of the forum was plaintiff's, and he should not now be permitted to transfer the action indiscriminately. The Court is obliged to apply the law as it exists in this district and, when such

**852**

is done, nothing remains which can be transferred to another district.

Plaintiff's motion for leave to dismiss the action without prejudice and without cost or, in the alternative, to have the cause transferred, is, therefore; denied. Defendant's motion for summary judgment is granted, and the same is accordingly entered in favor of defendant at plaintiff's cost.