**RILEY v. UNION PAC. R. CO.**
No. 9787.

United States Court of Appeals
Seventh Circuit.

Oct. 4, 1949.

Writ of Certiorari Denied Jan. 9, 1950.
See 70 S.Ct. 350.

674

Wm. H. Deparcq, Robert J. Martineau, Chicago, Ill., for appellant.

Robert B. Hamer, Omaha, Neb., John A. Sheean, Chicago, Ill., for appellee.

Before KERNER and FINNEGAN, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff, a resident of Wisconsin, was injured on defendant's platform in Green River, Wyoming, on July 2, 1944. Basing her claim upon common law negligence, she brought suit in an amount in excess of $3,000 in a state court in Illinois on June 22, 1948. In that court, defendant, a Utah corporation, on July 15, 1948, moved to remove the case to the Federal court on the ground of diversity of citizenship. The motion was granted and the cause was removed to the United States District Court for the Northern District of Illinois, Eastern Division. In that court, after defendant had filed its motion to dismiss the complaint on the ground that the action was barred by the two-year Illinois statute of limitations, c. 83, § 15, Ill.Rev.St.1947, plaintiff filed her motion to transfer the case to the United States District Court for the District of Wyoming in which State there is a four-year statute of limitations, Sec. 3-506, Wyoming Compiled St. The court denied plaintiff's motion and dismissed the complaint. To reverse the judgment, plaintiff appeals.

■ Plaintiff insists that under 28 U.S.C.A. § 1406(a) which provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought * * *" it was mandatory upon the court to transfer the case to any district in which it could have been brought. In the view we take of this case, whether it was mandatory or only discretionary, we need not decide, since the statute provides statutory sanction for transfer only where venue is improperly laid.

■ Prior to the enactment of the statute involved, improper venue, when not waived, was a ground for dismissal upon defendant's motion. Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707. The subsection changed only the legal consequences of improper venue by providing for a transfer of the suit to a proper venue in lieu of dismissal. In the instant case, the question does not go to the jurisdiction of the court—the power to adjudicate; rather the query is, was venue laid in the wrong district? In this connection it is well to bear in mind that "venue" relates only to the particular place where a controversy, legally instituted, may be determined—the place where judicial authority may be exercised. It relates to the convenience of litigants and as such is subject to their disposition. Being a personal privilege, it may be waived by formal submission in a cause, Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, by any party to the action. Panhandle Eastern Pipe Line Co. v. Federal Power Commission, 324 U.S. 635, 639, 65 S.Ct. 821, 89 L.Ed. 1241, and Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

■ As already observed, plaintiff sued defendant for injuries claimed to have been sustained as the result of defendant's common law negligence. She selected the court or venue she desired to determine her claim. The court so selected had jurisdiction of her cause of action, but because of diversity of citizenship her case was removed to the Federal District Court. In this state of the record, the action was not brought in the wrong district, hence § 1406 (a) was not applicable. Moreover, by bringing suit in the state court plaintiff waived any right to contend that the venue of the District Court to which the case had been properly removed was improper. Freeman v. Bee Machine Co., 319 U.S. 448, 452, 63 S.Ct. 1146, 87 L.Ed. 1509. We conclude the court did not err in denying her motion to transfer. In reaching this conclusion we have not overlooked Herb v. Pitcairn, 384 Ill. 237, 51 N.E.2d 277, cited by plaintiff. We think it inapplicable.

■■ The Illinois statute of limitations requires "actions for damages for an injury to the person," to "be commenced within two years next after the cause of action accrued." Plaintiff, injured on July 2, 1944, commenced her suit on June 22, 1948, which was more than two years after her cause of action accrued; nevertheless she contends that since the case was commenced in the Illinois state court before the proceeding was barred by the Wyoming statute, the court erred in dismissing her complaint.

With this contention we cannot agree, and it will be enough to say that there is abundant authority for the proposition that federal courts sitting in Illinois will not grant relief in a diversity case where the action could not be maintained in the state court because barred by the state statute of limitations. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231; and Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 607, 67 S.Ct. 1355, 91 L.Ed. 687, 173 A.L.R. 1107. And since the statute of limitations of the State of Illinois and not the statute of Wyoming governs and controls this case, Haefer v. Herndon, D.C., 22 F.Supp. 523; Horan v. New Home Sewing Machine Co., 289 Ill.App. 340, 7 N.E.2d 401; Karnes v. Keck, D.C., 11 F.Supp. 577; and Carpenter v. Rohm & Haas Co., Inc., D.C., 75 F.Supp. 732, affirmed 3 Cir., 170 F.2d 146, the judgment of the District Court must be affirmed. It is so ordered.