### BERK v. WILLYS–OVERLAND MOTORS, Inc.

### Civ. A. No. 1424.

United States District Court
D. Delaware.

May 9, 1952.

Murray W. Berk, in pro. per.

E. Ennalls Berl (of Berl, Potter & Anderson) Wilmington, Del., and Ritter Boesel & Lord, Toledo, Ohio, of counsel, for defendant.

RODNEY, District Judge.

This is a motion to transfer the action to the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).

This case, in its various stages, has many peculiarities. The present plaintiff brought suit in the Supreme Court of the State of New York against the present defendant, a corporation of the State of Delaware, and against Long Island Distributors, Inc., a corporation of the State of New York. Service was made upon the present defendant by serving process on one George E. Berger. The present defendant removed the case from the New York State Court to the United States District Court for the Eastern District of New York. The present defendant, then, moved to dismiss the case, or to quash the process, under Rule 12(b) (4) and 12(b) (5) of the Federal Rules of Civil Procedure, 28 U.S.C., because of insufficiency of process and insufficiency of service of process. It was alleged that Berger, upon whom process had been served, was not an officer, designated agent, cashier, director, managing agent, employee or other person upon whom process could be served. The motion was not contested

644

and was granted by default and the action against the present defendant was dismissed and the "return of service of summons and complaint * * * * as to the said defendant be and the same is hereby quashed upon the grounds of insufficiency of process and the insufficiency of service of process."

The petition for removal of the case from the New York court is not before me, nor does it appear whether there was alleged a separable controversy allowing the removal of the case when a codefendant was a corporation of the State of New York. It likewise does not appear that any proceedings were taken under 28 U.S.C. § 1448 providing for new process or correction of process after removal. These matters do not require any determination by me, but merely present peculiarities in the case.

After the dismissal of the action in the United States Court for the Eastern District of New York, this present suit was brought. Concededly, the case is properly brought in this district and proper service of process has been had.

The plaintiff has now moved to transfer this case to the Eastern District of New York where it once was and where it had been dismissed, thereby establishing another peculiarity of considerable magnitude.

The right of a plaintiff having selected his forum and obtained proper service on the defendant in that forum of his choice to then exercise a second choice of forum and seek to transfer the case to the jurisdiction of such second choice has been considered in several cases. The cases may be classified upon the distinction as to whether or not the defendant was subject to proper service of process in that jurisdiction to which the case was sought to be transferred.

In McCarley v. Foster-Milburn Co., D.C. W.D.N.Y.1950, 89 F.Supp. 643, and in Otto v. Hirl, D.C.S.D.Iowa, 1950, 89 F.Supp. 72, the plaintiffs were accorded the right to transfer the cases to other jurisdictions where service could not be had upon the defendant in the jurisdiction to which the cases were sought to be transferred. Neither case, however, represents the law in the district where rendered. McCarley v. Foster-Milburn was reversed in a well-considered case by Judge Learned Hand in Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949, and Otto v. Hirl was overruled in the same district by Herzog v. Central Steel Tube Co., D.C.S.D. Iowa, 1951, 98 F.Supp. 607.

In two other cases where the plaintiffs sought the transfer of actions, the liability of the defendants to service of process in the jurisdiction to which the case was sought to be transferred was either uncertain or not discussed. These cases were Bolten v. General Motors Corportaion, D.C. N.D.Ill.1949, 81 F.Supp. 851, and Barnhart v. John B. Rogers Producing Co., D.C. N.D.Ohio, 1949, 86 F.Supp. 595. In these two cases, and especially in the Barnhart case, it was held that 28 U.S.C. § 1404(a) was not available to a plaintiff who had selected his forum and then sought to transfer the case to another forum.[1]

In the present case it is not clear whether the defendant can or cannot be served with process in the Eastern District of New York. The plaintiff alleges the affirmative and that a number of officers and directors of the defendant upon whom process may be served live in New York. The defendant, by affidavit, states that the defendant "was not and is not subject to service of process within the State of New York."

Concededly, a transfer under Sec. 1404(a) is a matter resting in the sound judicial discretion of the court to which the motion for transfer is addressed. The court ordinarily considers the distance between the two jurisdictions, which in this case barely exceeds 100 miles. The court usually considers the interest of justice as well as the convenience of parties and witnesses, care being taken to evaluate the qualitative as well as the quantitative char-

1. See criticism of these cases in Annotator's note in 10 A.L.R.2d 934, and in Judge Kaufman's article, "Observations on transfers under Sec. 1404(a) of the New Judicial Code," 10 F.R.D. 595.

acter of witnesses, it being recognized that the number of witnesses is often magnified by parties seeking a transfer and minimized by those opposing it.

In this case the convenience of parties and witnesses will not be discussed at length for the interest of justice seems to require the denial of the transfer. I am expressly informed that no applicable statute of limitations bars a suit by the plaintiff against the defendant in the Eastern District of New York, to which he seeks to transfer the case.

There is thus presented the following contrasting state of facts. If the present defendant is properly suable by the present plaintiff in the Eastern District of New York and the plaintiff can there obtain proper service on the defendant, as the plaintiff alleges, then suit could have been and still may be instituted in that jurisdiction and there is no necessity for a transfer of this case with its accompanying doubts and uncertainties. I know of no principle other than undue harassment which would prevent the pendency of the two simultaneous actions and, on application, a stay of one may be considered by the court.

If the present defendant is not properly suable in the Eastern District of New York and proper service could not there be obtained, as the defendant alleges, then there become applicable those well-reasoned cases, such as Foster-Milburn Co. v. Knight, supra, which held that under such circumstances a suit should not be transferred on the application of the plaintiff. It is conceivable that if the defendant is not liable to process in New York the judge of the Eastern District of New York might feel under the necessity of re-transferring the case to this District and there might arise an unseemly shuttling of the case from district to district, such as was faced by my associate, Judge Leahy, in Gulf Research and Development Co. v. Schlumberger Well Surveying Corp., D.C., 98 F.Supp. 198.

The transfer will be denied and an appropriate order may be submitted.