**PEOPLES BANK & TRUST CO.**, Guardian of Stacey A. Kubu and Paul Kubu, Plaintiffs,

v.

**Loren R. RUE and J. B. Daniels d/b/a Judd's Resort, Defendants.**

Civ. No. 750.

United States District Court
N. D. Iowa,
Cedar Rapids Division.
Nov. 16, 1962.

Merle D. Fishel, Robert E. Ford, Cedar Rapids, Iowa, for plaintiffs.

John D. Randall, Cedar Rapids, Iowa, Frank R. Miller, Decorah, Iowa, James W. Crawford, Gene V. Kellenberger, Cedar Rapids, Iowa, for defendants.

McMANUS, Chief Judge.

This matter is before the Court upon three Motions: (1) Motion to Quash Service, as amended, of Defendant J. B. Daniels d/b/a Judd's Resort, filed August 13, 1962, (2) Motion to Dismiss of Defendant, Loren R. Rue, filed August 24, 1962, (3) Motion for Change of Venue of Plaintiffs, filed October 24, 1962. After consideration of the Motions, briefs of parties, oral arguments of counsel on November 8, 1962, and the records, the Court FINDS

1. As to the Motion to Quash, that this action was commenced by the filing of Plaintiffs' Complaint in the Cedar Rapids Division of the Northern District of Iowa on July 19, 1962, seeking damages in excess of $10,000 (Ten Thousand) Dollars as the result of injuries suffered by minor Plaintiff on or about July 23, 1960, while swimming at a private beach, operated by Defendant J. B. Daniels d/b/a Judd's Resort, on Lake Winnibigoshish in Cass County, Minnesota, when minor Plaintiff became caught and entangled in a rope trailing from an outboard motor boat owned and operated by Defendant, Loren R. Rue. The Summons issued by this Court was served by the United States Marshal on Defendant J. B. Daniels d/b/a Judd's Resort on July 24, 1962, outside the territorial limits of the State of Iowa and in the State of Minnesota.

2. As to the Motion to Dismiss, that all Plaintiffs are citizens and residents of the State of Iowa, that the Defendant, Loren R. Rue, is a resident of the State of Iowa, and the Defendant J. B. Daniels d/b/a Judd's Resort is a citizen and resident of the State of Minnesota.

3. As to the Motion for Change of Venue under 28 U.S.C. § 1406(a), that this action could have been brought in the United States District Court for the District of Minnesota, Fifth Division, and that under Minnesota Statutes 1957, section 541.07, an action for personal injury based on tort is barred unless commenced within two years from its accrual.

IT IS THEREFORE ORDERED:

1. That the Motion to Quash Service, filed in this case August 13, 1962, by Defendant J. B. Daniels d/b/a Judd's Resort, as amended, is hereby granted for the reason that said Defendant was not served with any process within the territorial jurisdiction of this Court and, therefore, this Court is without jurisdiction of his person. Rule 4 (f), Federal Rules of Civil Procedure; DeParcq v. United States District Court for Southern District of Iowa, 235 F.2d 692 (8th Cir., 1956); Georgia v. Pennsylvania Railroad Co. et al., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945); Volume 1, Barron and Holtzoff, Federal Practice and Procedure, sec. 184 p. 735. Service of Summons on Defendant J. B. Daniels d/b/a Judd's Resort is quashed.

2. That the Motion to Dismiss under Rule 12(b) (1), Federal Rules of Civil Procedure, filed August 24, 1962, by Defendant, Loren R. Rue, is hereby granted, on the conditions hereinafter stated, as to Defendant Rue for the reason that this Court lacks jurisdiction of the subject matter. The Complaint alleges that all Plaintiffs are "bona fide citizens and residents of Linn County, State of Iowa," and that the Defendant, Loren R. Rue, is a "resident of Ridgeway, Iowa." The existence of this Court's jurisdiction is to be determined from the allegations of the Complaint. Burkhardt v. Bates, 296 F.2d 315 (8th Cir., 1961). The diversity which confers jurisdiction on a Federal Court is diversity of citizenship, and not diversity of residency. Burkhardt v. Bates, supra.

Because of the provision of 28 U.S.C. § 1653, this action shall, on November 27, 1962, stand dismissed as to Defendant, Loren R. Rue, unless, prior to said date, Plaintiffs amend their Complaint to show jurisdiction. Parenthetically, the Court notes that the jurisdictional allegations of the Complaint as to Defendant Daniels were equally defective. However, it is the Court's view that this defect was cured by Defendant Daniels' amendment to his Motion to Quash, filed November 8, 1962, in which said Defendant admits that he is a "citizen" of the State of Minnesota.

3. That the Motion for Change of Venue, filed October 24, 1962, by Plaintiffs, is hereby granted, effective November 27, 1962, for the reason that in the view of this Court, it is in the interest of justice to transfer this case to the United States District Court for the District of Minnesota. 28 U.S.C. section 1406(a); Goldlawr, Inc. v. Hei-

man et al., 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

IT IS FURTHER ORDERED

That on November 27, 1962, the Clerk of this Court shall transfer this action to the United States District Court for the District of Minnesota, Fifth Division, at Duluth, Minnesota.