Ben **SELSBY**, Plaintiff,

v.

Geraldine **VECCHIONE**, Defendant.

United States District Court
S. D. New York.

April 4, 1963.

Salvatore D. Viscardi, New York City, for plaintiff.

Reilly & Reilly, by Harold V. McCoy, New York City, for defendant.

WYATT, District Judge.

This is a motion by plaintiff under 28 U.S.C. § 1406(a) to transfer the action to the United States District Court for the District of New Jersey.

The complaint filed in this Court alleges that plaintiff is a citizen of New York and that defendant is a citizen of New Jersey. The action is for personal injuries sustained in an automobile accident in Connecticut.

■ ˙ Because service of process of this Court was made on defendant in New Jersey, such service has been ordered vacated, on motion of defendant under Rule 4(f), Fed.R.Civ.P.

Plaintiff urges that the action be transferred under Sec. 1406(a) to the District of the residence of defendant to avoid a possible defense of the Connecticut statute of limitations which plaintiff fears might be available to defendant in an action commenced afresh in New Jersey.

If the Court had power to order this action transferred under Sec. 1406(a), plaintiff might well persuade the Court to do so.

■ But power to order such transfer does not exist. There is no such authority in Sec. 1406(a), on which plaintiff relies, for that section by its terms is only applicable where a case is filed "laying venue in the wrong division or district". Venue in this District is not "wrong" because plaintiff is a resident here (28 U.S. C. § 1391(a)).

This case therefore does not present the problem of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1961) where Sec. 1406(a) was held to

apply whether there was personal jurisdiction over a defendant or not. In Goldlawr the venue was "wrong"; here the venue is proper and Sec. 1406(a) cannot be applied.

Motion to transfer denied.

So ordered.