Edward **KAISER**, Plaintiff,

v.

**MAYO CLINIC, Edward S. Judd, D. O. Ferris, and Harold W. Fogle, Defendants.**

**No. 1-66-Civ. 188.**

United States District Court
D. Minnesota,
First Division.
Nov. 15, 1966.

Walter J. Sebo and Scott & Sebo, Canton, Ill., for plaintiff.

Henry Halladay, Curtis D. Forslund and Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn., for defendants.

## MEMORANDUM

LARSON, District Judge.

Plaintiff, a citizen of Illinois, initially brought this medical malpractice action in the United States District Court for the Southern District of Illinois by a complaint filed on January 24, 1966.

Defendants are the Mayo Clinic and three doctors associated with the Clinic, Edward S. Judd, D. O. Ferris and Harold W. Fogle, all alleged to be citizens of Minnesota. Pursuant to process issued by the Illinois Court, defendants (except Fogle) were first served in Minnesota on February 4, 1966. A "not found" return was made with respect to defendant Fogle. Thereafter the other defendants moved the Illinois Court to quash service and dismiss the action for lack of personal jurisdiction. Plaintiff then sought an Order transferring the case to the District of Minnesota. Defendants' motion to quash was granted, but instead of dismissing the action the Illinois Court also granted plaintiff's motion to transfer. After the transfer, process was issued from the District of Minnesota and defendants (except Fogle) were served on July 19, 1966. Defendants so served have now moved this Court to dismiss the action for lack of personal jurisdiction and on the additional ground that the action is barred by the Minnesota two year statute of limitations.

The first ground of defendants' motion is based on the contention that the Illinois Court lacked power to transfer the cause in the absence of personal jurisdiction over them. Neither plaintiff's moving papers nor the Order granting the transfer indicate whether the motion and Order were based upon 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406 (a). The latter section provides:

> "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Defendants concede that under the decision in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), jurisdiction is not always a prerequisite to transfer, at least under § 1406(a). That was a private antitrust treble damage action brought in a Pennsylvania Federal District Court. Two of the corporate defendants moved to dismiss the action for improper venue and lack of personal jurisdiction. While the Pennsylvania Court agreed with defendants' contentions, rather than dismiss the action it was transferred under § 1406(a) to a Federal District Court in New York where the venue was proper and where personal service could be obtained. After the transfer, defendants again moved to dismiss on the ground that the Pennsylvania Court lacked authority to transfer the action in the absence of personal jurisdiction over them. The motion was granted and affirmed by the Second Circuit, but, upon review, the Supreme Court reversed and held that a transfer under § 1406(a) is not precluded by lack of jurisdiction in the transferor court. Reviewing the legislative history, the court stated:

> "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." 369 U.S. at 466, 82 S.Ct. at 916.

Defendants in the instant case argue that § 1406(a) is not here applicable since venue in Illinois was not improper. The *Goldlawr* case is further distinguished on the ground that it involved a Federal cause of action and corporate defendants, factors which are not present here.

Section 1406(a) provides for the transfer of cases where venue is laid in the wrong district, if it be in the interest of justice. Since this is a diversity action, plaintiff had a choice under 28 U.S.C. § 1391(a) of laying venue in the judicial district where he resides (Illinois) or in the district where all defend-

ants reside (Minnesota). Thus venue in Illinois was permissible. In a similar situation Selsby v. Vecchione, 216 F. Supp. 207 (S.D.N.Y.1963), held that § 1406(a) was not applicable. That was a diversity action by a New York citizen against a citizen of New Jersey where venue was initially laid in a New York Federal District Court. Defendant was served in New Jersey, but moved to vacate the service, which motion was granted. Thereafter plaintiff sought a transfer to the New Jersey Federal District Court under § 1406(a). Denying the motion, the Court noted that venue in New York was not improper, which precluded transfer under that section. Plaintiff in the *Selsby* case was anxious to effectuate a transfer since the applicable statute of limitations of the transferee forum would not permit the filing of a new action. This was also the basis for plaintiff's motion to transfer in Skilling v. Funk Aircraft Co., 173 F.Supp. 939 (W.D.Mo.1959). In that diversity action the Court refused to grant a transfer under § 1406(a) on the ground that plaintiff was well aware that no service could be made on defendants, but merely wanted to institute the action to toll the statute of the proposed transferee forum. A contrary ruling, under similar facts, was made in Peoples Bank & Trust Co. v. Rue, 210 F.Supp. 952 (D.Iowa 1962). There a citizen of Iowa brought suit in an Iowa Federal District Court against a citizen of Minnesota for personal injuries sustained in Minnesota. Process issued by the Iowa Court was served upon defendant in Minnesota, but was quashed upon defendant's motion. Taking cognizance of the Minnesota statute of limitations, and relying upon *Goldlawr*, the action was transferred to Minnesota pursuant to § 1406(a). Since jursdiction was based upon diversity, venue was undoubtedly proper in Iowa. Yet the Court granted a transfer on plaintiff's motion to a district where defendant could be served. This Court is of the opinion that the result in the *Rue* case gives effect to the liberal interpretation which *Goldlawr*

placed upon § 1406(a). Moreover, the Supreme Court's disposition of Hohensee v. News Syndicate, Inc., 286 F.2d 527 (3rd Cir. 1961), suggests that the Court would apply § 1406(a) in a situation comparable to that presented here. That was a diversity action instituted in a Pennsylvania Federal District Court by a citizen of Pennsylvania against a Delaware corporation whose principal place of business was in New York. Defendant was served in New York, but the Pennsylvania Court quashed the service and dismissed the action, denying plaintiff's motion to transfer to New York under § 1406(a). On appeal, the Third Circuit affirmed, and expressed the view that § 1406(a) "was never intended to serve as a means of avoiding the consequences of a failure to perfect service of process." 286 F.2d at 530. The Supreme Court vacated this decision and, citing *Goldlawr*, remanded for reconsideration, 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273, subsequently denying a rehearing, 370 U.S. 920, 82 S.Ct. 1552, 8 L.Ed.2d 500. The Supreme Court's action, interpreted in light of *Goldlawr*, suggests to this Court that § 1406(a) is available to a plaintiff in a diversity action, even though the transferring court is a permissible forum. Section 1406(a) refers to venue laid in the "wrong" district, and under a liberal interpretation plaintiff's choice of venue might be considered "wrong" if defendant cannot be served in that district, as was the case here. Cf., United States v. Berkowitz, 328 F.2d 358, 360 (3rd Cir. 1964). In any event, *Goldlawr* warrants a holding that even though the Illinois Court was a permissible forum, it had power to transfer the instant case under § 1406(a) in the absence of personal jurisdiction over defendants. The suggestion that *Goldlawr* must be limited to cases based on a Federal cause of action is answered by *Rue,* which was a diversity case. Brenner v. Rubin, 240 F.Supp. 467 (D.Mass. 1965), granted a transfer under § 1406 (a) in the absence of personal jurisdiction over a non-corporate defendant which is authority in opposition to de-

fendants' contention that *Goldlawr* should be limited to corporate defendants.

If the transfer in this case was made pursuant to § 1404(a) the result would be the same. That section provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

United States v. Berkowitz, 328 F.2d 358 (3rd Cir.), cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964), was a civil action by the United States to recover taxes, brought in the Federal District Court in Pennsylvania. Process was served in Pennsylvania, but defendant moved to quash the summons and dismiss the complaint on the ground that he no longer resided in Pennsylvania, but was a resident of New York. Since the statute of limitations had expired, plaintiff moved to transfer the cause to a Federal District Court in New York. The District Court denied plaintiff's motion on the ground that the *Goldlawr* decision could not be construed to authorize a transfer under § 1404(a) in the absence of personal jurisdiction. The Third Circuit rejected this view, indicating that the rationale of *Goldlawr* extends as well to § 1404(a), "for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another." The Fifth Circuit, in Koehring Co. v. Hyde Construction Co., 324 F.2d 295 (5th Cir. 1963), also ruled that there is no reason to distinguish between §§ 1404(a) and 1406(a) with respect to transfers in the absence of personal jurisdiction. Callan v. Lillybelle, Ltd., 234 F.Supp. 773 (D.N.J.1964), is analogous to the instant case. Plaintiff, a resident of New Jersey, brought an action in New Jersey Federal Court against defendants Lillybelle and Hazen, New York residents. These defendants were served in New York and thereafter moved the New Jersey Court to quash the summons and dismiss the complaint.

At the time the action was commenced, neither the New Jersey nor the New York statutes of limitation had run. When the plaintiff subsequently sought to transfer the action to New York either under § 1404(a) or § 1406(a), both statutes had expired. Granting plaintiff's motion, the Court said:

" * * * [O]ne of the fundamental purposes of § 1404(a) is to enable a court to preserve an action after the statute of limitations has run by transferring the case to a District where the defendants can be served. Defendants, however, claim that they have acquired some rights from the running of the statute of limitations before personal jurisdiction over them was acquired, which would be destroyed by a transfer to the Southern District of New York where they can be served. This objection to a transfer, under the analogous provisions of § 1406(a) has been effectively answered by the Supreme Court in Goldlawr, Inc. v. Heiman * * * " 234 F.Supp. at 779.

The foregoing decisions suggest that the Illinois court could justifiably have transferred the action under § 1404(a). In this Court's opinion, transfer to this District was permissible either under § 1404(a) or § 1406(a). Accordingly, defendants' motion to dismiss cannot be granted on the first ground asserted.

As a second basis for their motion, defendants contend that the action is barred by the Minnesota two year statute of limitations applicable to malpractice actions. The complaint alleges that plaintiff was discharged and dismissed from defendants' care on March 28, 1964, and defendants suggest this date marks the accrual of the cause of action. The complaint was filed in Illinois on January 24, 1966, which was prior to expiration of the statute, but effective service was not made upon defendants until July 19, 1966, after the case had been transferred here, and after the statute had run.

Where an action has been transferred, a threshold question arises as to whether the law of the transferor forum or the transferee forum should be applied. Construing § 1404(a), in Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that "where defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." 376 U.S. at 639, 84 S.Ct. at 821. The Court pointed out that § 1404(a) should be regarded as a "federal judicial housekeeping measure," designed to place trial at a convenient forum, and should not be used as a device by defendants to undermine the plaintiff's privilege of initially selecting a permissible forum. Further, the Court reasoned that if a change of law were concomitant with transfer, § 1404(a) would be regarded as a forum shopping mechanism. In addition, the Court noted that the doctrine of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), would be violated if the transferee court applied the law of the State in which it sat rather than the law of the transferor State.

> "What Erie and the cases following it have sought was an identity or uniformity between federal and state courts; and the fact that in most instances this could be achieved by directing federal courts to apply the laws of the States 'in which they sit' should not obscure that, in applying the same reasoning to § 1404(a), the critical identity to be maintained is between the federal district court which decides the case and the courts of the State in which the action was filed." 376 U.S. at 638–639, 84 S.Ct. at 820.

In Van Dusen the Court approved decisions of lower Federal courts giving § 1404(a) a similar construction. See, e. g., Headrick v. Atchison, Topeka & Santa Fe Ry. Co., 182 F.2d 305 (10th Cir. 1950); H. L. Green Co. v. MacMahon, 312 F.2d 650 (2d Cir.), cert.

denied, 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1962). In the last cited case, the Court said:

> "It would be excessively literalistic to interpret the Erie doctrine as compelling a federal district court automatically to apply the law of the state in which it sits; when, for reasons of federal procedural policy, one district court chooses to refer a case to another, there is no reason why the law of the state in which the transferee court is located need govern the case." 312 F.2d at 653.

In both Headrick and MacMahon the question of which law should apply after transfer revolved around the statute of limitations. Where this question arose in other cases prior to Van Dusen, courts granting a defendant's motion to transfer have conditioned the Order for transfer upon defendant's agreement not to invoke the limitation period of the transferee forum so as to bar the plaintiff's cause of action. See, e. g., Hokanson v. Helene Curtis Industries, Inc., 177 F.Supp. 701 (S.D.N.Y.1959); Frechoux v. Lykes Bros. S. S. Co., Inc., 118 F. Supp. 234 (S.D.N.Y.1953); Greve v. Gibraltar Enterprises, 85 F.Supp. 410 (D.N.Mex.1949). On the other hand, where a defendant refused to stipulate that the transferor statute of limitations would continue to apply, transfer was denied in Curry v. States Marine Corp. of Delaware, 118 F.Supp. 234 (S.D.N.Y. 1954).

The situation in the instant case is somewhat distinct in that here plaintiff moved for transfer. Moreover, this is a case where the transferor forum did not have jurisdiction over defendants. They argue that in the absence of personal jurisdiction the Illinois Court had no power to proceed to final disposition of the case and thus that Illinois law should not now be transplanted to this forum. Further, defendants question whether Illinois law would have applied even if the case had remained there since the actions complained of took place in Minnesota. Defendants also point out that transfer was made upon plaintiff's

motion, suggesting that plaintiff used the transfer provisions as a forum shopping device. Plaintiff, on the other hand, argues that the holding in *Van Dusen* should be extended to cases where transfer is requested by the plaintiff. Plaintiff has cited the Illinois two year statute of limitations, but does not directly argue that it is applicable. Rather, plaintiff has taken the position that the action was commenced within the meaning of Rule 3, Federal Rules of Civil Procedure, when the complaint was filed in Illinois. Alternatively, it is argued that Illinois law determines when the action was instituted for purposes of the statute of limitations. Three questions are thus raised in the instant case: (1) Whether the Illinois or Minnesota statute of limitations applies; (2) whether Federal or State law determines when a diversity action is commenced; and (3) if State law applies, is it the Minnesota or the Illinois rule.

While *Van Dusen* held that a change of venue should normally be considered no more than a change of court rooms, the Court specifically pointed out that "We do not attempt to determine whether, for example, the same consideration would govern if a plaintiff sought transfer under § 1404(a) * * *." The State law questions involved in *Van Dusen* were the capacity of the plaintiffs to sue and a limitation on recovery for wrongful death. In cases prior to *Van Dusen* the courts have been faced with the question of the applicable statute of lmitations where a plaintiff has moved for transfer. Among the factual variations are these: One, where the limitation period has run in the State where the action is filed, but has not expired in the proposed transferee forum. Secondly, there is the reverse situation. That is, the statute has not run in the State of filing, but, at the time of filing, the statute has run in the forum to which transfer is sought. A third situation is where neither statute has run at the time the action is filed, but by the time transfer is requested or effectuated, the statute of the transferee

forum has expired. The first situation was presented in Riley v. Union Pacific R. R. Co., 177 F.2d 673 (7th Cir. 1949); Bolten v. General Motors Corporation, 81 F.Supp. 851 (D.Ill.1949), and Hargrove v. Louisville & Nashville R. R. Co., 153 F.Supp. 681 (D.Ky.1957). In *Riley* the plaintiff, a resident of Wisconsin, was injured on defendant's railroad platform in Wyoming. In an action commenced in Illinois, defendant, a Utah corporation, moved to dismiss on the ground that the Illinois statute had run. The Wyoming statute had not run at the time the suit was filed, and plaintiff sought a transfer to that district. Plaintiff's motion was denied on the ground that the Illinois statute was applicable in any event. Under similar facts, plaintiff's motion to transfer was also denied in *Bolten*, the Court indicating that where the transferor forum statute has run, there is nothing left to transfer to another district. In *Hargrove*, the action was transferred from the District of Columbia to Kentucky upon the joint motion of plaintiffs and defendants. After transfer, defendants moved to dismiss on the basis of the District of Columbia statute. Although plaintiff contended that the limitation period of Kentucky (the transferee forum) should govern, defendants' motion was granted. The Court said:

> "Also the clearly stated purpose of Sec. 1404(a) is to authorize a change of venue 'for the convenience of parties and witnesses, in the interest of justice.' It would not appear to be in the interest of justice to so construe Sec. 1404(a) as to permit a plaintiff, having exercised the Sec. 1391(b) right to select his forum to change that forum with the effect of depriving the defendant of the defenses available in that forum. Plaintiffs having chosen their forum are therefore bound by its three-year statute of limitations although they could have elected to file this action in Kentucky where the five-year limitation period exists." 153 F.Supp. at 684.

Implicit in all of these cases is the idea that a plaintiff should not be allowed to use the transfer provisions to avoid an unfavorable limitation period in the district where the action is filed. In addition, it should be recognized that in this type of case, it is the plaintiff who opts for a change of law upon transfer.

 Of course, in the second situation the plaintiff is opposed to any change of law after transfer. In Boughton v. Shoulders, 116 F.Supp. 391 (W.D. Ky.1953), plaintiff commenced an action in New York arising out of an injury occurring in Kentucky. At the time the action was filed the Kentucky statute had run, but plaintiff sought a transfer to Kentucky where defendant could be served. After transfer, plaintiff argued that the New York statute should continue to govern, but the Kentucky District Court applied the limitation period of the forum and the action was dismissed. A similar case is Viaggio v. Field, 177 F.Supp. 643 (D.Md.1959), in which a citizen of Florida commenced an action in a Maryland Federal District Court against a citizen of Pennsylvania, based on a collision which occurred in Maryland. The action was instituted just two weeks before the Maryland statute would have expired, but almost a year after the Pennsylvania statute had run. Maryland was an improper forum under the venue provisions relating to diversity cases, and plaintiff sought a transfer to Pennsylvania. Taking the view that the Pennsylvania statute would apply after transfer, the plaintiff's motion was denied. These last two cases are inconsistent with those of the first category in that the law applied, for purposes of the statute of limitations, was that of the transferee forum. On the other hand, cases of the first category ruled that the statute of limitations of the transferor forum would continue to govern. The principle to be gleaned from these inconsistent results is that the courts have not been willing to allow a plaintiff to forum shop for a favorable limitation period with the help of the transfer statutes. As such, they fail to establish a general rule as to the law to be applied when a transfer is effectuated upon plaintiff's motion. Commenting upon the *Viaggio* case, 1 Moore's Federal Practice, Para. 0.145 [4.–5], has this to say:

"The result is an unhappy one, but may be theoretically sound. Implicit behind the decision is the possibility that a plaintiff may deliberately file his action in one district to toll the limitation statute there, and then seek a transfer to another district where the venue is proper, if the statute of limitation of the transferor-state continued to govern. But § 1406(a) offers a safeguard against that, since it allows dismissal, as well as transfer. Where neither venue or service is proper, the court would seem justified in dismissing even though the action is barred by the limitation statute of the transferee state." Pp. 1776–1777.

Defendants in the instant case urge this Court to adopt the view expressed by Moore. They argue that since valid service could not be obtained in Illinois, the law of that forum should not be transferred here. But the present case is unlike *Viaggio* in that neither the Minnesota nor Illinois statute had expired when the suit was filed. Thus this case more properly falls within the third category. When the action was commenced in Illinois, about two months remained on the two year limitation period, be it Illinois or Minnesota. In Skilling v. Funk Aircraft Co., supra, plaintiff's action was filed in Missouri just one day before expiration of the limitation period in the proposed transferee forum. Service upon defendant could not be obtained in Missouri and plaintiff moved to transfer. Reasoning that plaintiff's only purpose in instituting the action in Missouri was to forestall the running of the statute, the motion to transfer was denied. Defendants in the instant case intimate that here, too, plaintiff well knew that service could not be obtained upon them in Illinois but began the action there simply to toll the statute of limitations. Defen-

dants contend that if no jurisdiction was obtained by the transferor court, a change of venue on plaintiff's motion cannot carry with it the law of the transferor forum. What defendants are suggesting is that what law applies should turn upon plaintiff's motivation in seeking transfer. However, this is a consideration which should be taken into account by the Court ruling upon a motion to transfer. This is the procedure advanced by Currie in "The Erie Doctrine And Transfer Of Civil Actions," 17 F.R.D. 353 (1955). His proposal is that what law should govern should be one of the factors considered in determining the appropriateness of transfer to a particular forum. To a certain extent this view was adopted by the Supreme Court in *Van Dusen* in which the Court indicated that in weighing the convenience and fairness of a transfer, certain aspects of the law to be applied should also be taken into account. This type of approach allows the court ruling upon a motion to transfer to consider whether or not a plaintiff is engaging in impermissible forum shopping in attempting to effectuate a transfer. Where the statute of limitations is at issue, when a case is transferred rather than dismissed, the transferee forum should then assume that the Court ordering the transfer did so in order to preserve the plaintiff's right of action, after considering the matters of convenience, fairness and the interests of justice. As suggested in 1 Moore's Federal Practice, Para. 0.145 [4.–4], the ruling of the transferor forum should establish the law of the case for the transferee forum unless it is quite convinced that the transfer was erroneous as a matter of law. However, in a case such as the present one, it might be inferred that the transfer, rather than dismissal, did not establish that either the Minnesota or Illinois statute of limitations should apply since neither had expired at the time the action was commenced. Nonetheless, there is no significant problem of change of law here since the applicable limitation period in both Minnesota and

Illinois is two years. Minn.Stat.Ann. § 541.07(1); 83 Ill.Ann.Stat. § 15. In many situations analogous to the present case the existence of a "borrowing" statute in the transferor forum might mean that the limitation period to be applied there would be the same as that of the transferee forum, if, as here, it is the place where the injury occurred and the residence of the defendants. See Annot., 75 A.L.R. 203 (1931); 149 A.L.R. 1224 (1944).

The crucial question in the present case is whether the commencement of the action in Illinois tolled the statute of limitation. Under Federal Rule 3, an action is commenced when a complaint is filed and there is some authority that this rule is applicable in diversity cases. Sylvestri v. Warner & Swasey Co., 244 F.Supp. 524 (S.D.N.Y.1965); Callan v. Lillybelle, Ltd., 39 F.R.D. 600 (S.D. N.Y.1966). The last cited case is almost identical to the present one. There plaintiff commenced an action in New Jersey but could not obtain service upon defendants. Upon plaintiff's motion, the action was transferred to New York. After transfer, defendants moved to dismiss based on the New York statute of limitations. Although the complaint was filed in New Jersey before the statute expired, defendants were not served until after the statute had run its course. The Court there held that the action should be deemed commenced, within the meaning of the Federal rule, when the complaint was filed in New Jersey. Authority to the contrary is Sylvester v. Messler, 246 F.Supp. 1 (D.Mich. 1964), aff'd, 351 F.2d 472 (6th Cir. 1965), cert. denied, 382 U.S. 1011, 86 S. Ct. 619, 15 L.Ed.2d 526 (1966), and Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966), which held that in diversity cases the Federal courts must continue to look to State law to determine when an action is commenced. This Court is obliged to follow the rule enunciated by the Eighth Circuit in *Groninger*.

The problem here, then, is to determine whether the State rule which this Court must follow is that of Minne-

sota or Illinois. In this respect there is a difference in the law of the two States. In Minnesota an action is commenced by actual service upon defendant, or by delivery of the summons to the proper officer for service, but in the latter case actual service must be made within sixty days thereafter. Minn. Rules of Civ.Proc. 3.01. In Illinois an action is commenced by filing a complaint. Ill. Civil Practice Act, ch. 110, § 13. However, there must be reasonable diligence in obtaining service. Kohlhaas v. Morse, 36 Ill.App.2d 158, 183 N.E.2d 16 (1962). In applying the rule of the *Groninger* case to diversity actions which have been transferred, this Court is of the opinion that the determinative State law is that of the transferor forum. It is generally recognized that the transfer provisions (or at least § 1404(a)) were designed to prevent the loss of a cause of action by dismissal when the statute of limitations has run. See Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (4th Cir. 1955); Currie, supra, 17 F.R.D. at 375; Kaufman, Observations on Transfers under Section 1404(a) of the New Judicial Code, 10 F.R.D. 595, 600 (1951). As indicated above, the Court in Callan v. Lillybelle, Ltd., 234 F.Supp. 773 (D. N.J.1964), specifically pointed out that § 1404(a) was designed "to enable a court to preserve an action after the statute of limitations has run by transferring the case to a District where the defendants can be served." This purpose of § 1404(a) would be obliterated if, when a case is transferred, the commencement of plaintiff's action is marked in accordance with the law of the transferee forum. If such were the rule, there would be little purpose in transferring a case instead of dismissing it. Moreover, when an action is initially filed, the plaintiff will not always contemplate transfer to another District so as to comply with its rules for commencement of an action. The varying State laws on commencement of an action strongly suggest the desirability of using the Federal rule in diversity cases, particularly where a transfer is involved.

Having concluded that Illinois law applies, there remains to be determined whether plaintiff exercised reasonable diligence in obtaining service. Defendants suggest that "to attempt to serve individual Minnesota defendants in Minnesota with Illinois process, on a claim arising wholly in Minnesota, could hardly be called 'reasonable diligence' under any law, rule or standard." However, the general purpose of provisions calling for reasonable diligence in service relate more to the time of service, rather than the mode or place of service. Cf., Moore Co. v. Sid Richardson Carbon & Gasoline Co., 347 F.2d 921 (8th Cir. 1965). In the instant case the first service upon defendants was on February 4, 1966, about ten days after filing of the complaint on January 24, 1966. Thereafter, this service was set aside and the case transferred here. Defendants were again served on July 19, 1966, about twenty days after the action was filed in this Court on June 29, 1966. This Court is of the opinion that reasonable diligence was exercised in effectuating service in twenty days after the transfer. After the initial service, motions were made by both plaintiff and defendants, and the case ultimately transferred here. Because of these proceedings, it would be unreasonable to look only to the initial filing of the complaint in January and the ultimate service in July. Moreover, here the defendants had actual notice of plaintiff's lawsuit as early as February 4, 1966, and they were in no way prejudiced because effective service was not made until July. Having exercised reasonable diligence in service of process, the plaintiff's action must be deemed to have been commenced before the expiration of the two year statute.

The defendants' motion to dismiss is therefore denied.

The undersigned is of the opinion that this Order involves controlling questions of law as to which there are substantial grounds for difference of opinion, and

that an immediate appeal from said Order may materially advance the ultimate termination of the litigation. If the appeal results in a reversal of said Order, the litigation will terminate. If the case is tried to conclusion and results in a judgment for the defendants, the issues involved in the Order will not be reviewable. If after trial on the merits the issues on the Order are then reviewed and resolved unfavorably, the time at trial will have been wasted. The Court does not doubt that the trial will be protracted.