**Lydia TEETS, Plaintiff,**

v.

**Frederick G. HAWKER and George Ellman Diven, Defendants.**

**Civ. A. No. C-67-12-M.**

United States District Court
N. D. West Virginia.

Jan. 25, 1968.

10. See parties' Agreed Statement, pp. 5–6, filed November 20, 1967.

John M. Miller, Martinsburg, W. Va., John M. Court, Newport News, Va., for plaintiff.

Clarence E. Martin, Jr., Martinsburg, W. Va., for defendant Hawker.

William H. Ansel, Jr., Romney, W. Va., for defendant Diven.

## MEMORANDUM

MAXWELL, Chief Judge.

The plaintiff, Lydia Teets, in this civil action is a resident and citizen of the State of Virginia. On April 18, 1965, she claims she was a passenger in a car owned and operated by Frederick G. Hawker, a citizen of West Virginia, which was proceeding westward on U. S. Route 50 in Hampshire County, West Virginia. The Hawker car collided with an automobile operated by George E. Diven which was proceeding eastward on U. S. Route 50, and as a result of this collision the plaintiff suffered injuries which are the reason of this action.

The complaint was originally filed in the Eastern District of Virginia on March 29, 1967, alleging jurisdiction based upon diversity of citizenship. Defendant Diven, appearing by counsel, "demurred" to the complaint and filed an answer which generally denied liability. Although the summons and complaint were served on Diven personally in Maryland he did not raise any question as to service of process, sufficiency of process, or venue, and has therefore waived these defenses.[1]

Defendant Hawker, who was personally served at Morgantown, West Virginia, appeared by counsel and made motions to quash the return of service and to dismiss the action, alleging lack of personal jurisdiction. After these motions by Hawker, plaintiff asked leave to amend her complaint and to transfer the suit to the Northern District of West Virginia.

At a hearing on these motions before the Court for the Eastern District of Virginia, on June 20, 1967, the return of service of process and summons on Hawker was quashed. On the same day an order was entered transferring the action to this Court. After the transfer to this District, and pursuant to the request of plaintiff, Hawker was served with process issued by this District's Clerk's office, and service was returned showing the defendant had been constructively served on August 21, 1967.

The case is now before this Court on defendant Hawker's motion to dismiss for lack of jurisdiction or venue. The defendant contends that the United States Court for the Eastern District of Virginia did not have the power to transfer his case to this District because that Court did not have jurisdiction over his person.

The question of whether a court needs personal jurisdiction over a defendant in order to transfer an action under 28 U.S.C. § 1406(a) reached the United States Supreme Court in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913,

---

1. Fed.R.Civ.P. 12(h).

8 L.Ed.2d 39 (1962). The Court stated regarding § 1406(a):

> Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendant.
>
> \* \* \*
>
> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.[2]

The *Goldlawr* case is distinguishable from the instant case, inasmuch as the venue in *Goldlawr* was improper, whereas the venue in the present case was proper, under 28 U.S.C. § 1391, because of plaintiff's residence being in Virginia. In a companion case to Goldlawr, Hohensee v. News Syndicate, Inc., 286 F.2d 527 (3rd Cir. 1961), in which venue was proper, but there was no jurisdiction over the defendant, transfer under § 1406(a) was denied in the lower courts. On appeal to the Supreme Court the judgment was vacated and the case remanded for consideration in light of *Goldlawr*. 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962).

Defendant, in his memorandum, cites the case of Skilling v. Funk Aircraft Co., 173 F.Supp. 939 (W.D.Mo.1959). In that case, on facts similar to those in this case, transfer under § 1406(a) was denied. This Court, in considering *Skilling*, believes that determination must be considered in light of the fact that *Skilling* preceded the Supreme Court's ruling in *Goldlawr*. The case of Selsby v. Vecchione, 216 F.Supp. 207 (S.D.N.Y.1963), has facts similar to those in this case and was subsequent to the *Goldlawr* decision. The *Selsby* court refused to transfer a case under § 1406(a) stating: "This case therefore does not present the problem of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1961), where Sec. 1406(a) was held to apply whether there was personal jurisdiction over a defendant or not. In Goldlawr the venue 'was wrong', here the venue is proper and Sec. 1406(a) cannot be applied." Supra at 207, 208.

However, at least two other cases have held that even though venue was proper, § 1406(a) still applies.

In the case of Peoples Bank & Trust Co. v. Rue, 210 F.Supp. 952 (N.D.Iowa 1962), in which venue was proper, the court transferred the cause under § 1406 (a) citing *Goldlawr* as authority. Another case with facts "four square" with the instant case is Kaiser v. Mayo Clinic, 260 F.Supp. 900 (D.Minn.1966). In the *Kaiser* case, the court presents an excellent review and discussion of the issue raised here, as well as a scholarly and worthwhile evaluation of the opposing

---

**2.** Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465, 467, 82 S.Ct. 913, 915, 916.

positions taken by various courts. The defendant in *Kaiser* argued that § 1406 (a) was not applicable since venue was proper in Illinois, the plaintiff's residence and the transferor state. The Minnesota court ruled that the Illinois court had the power to transfer the case stating: "This Court is of the opinion that the result in the Rue case [Peoples Bank & Trust Co. v. Rue, D.C., 210 F. Supp. 952] gives effect to the liberal interpretation which Goldlawr placed on § 1406(a). Moreover, the Supreme Court's disposition of Hohensee v. News Syndicate, Inc., 286 F.2d 527 (3rd Cir. 1961), suggests that the Court would apply § 1406(a) in a situation comparable to that presented here." Supra at 903.

This Court believes that the *Rue* and *Kaiser* opinions, both in reasoning and position, best represent the dominant and better view, both of the Circuit Courts of Appeal as well as the spirit of the Supreme Court's ruling in *Goldlawr*. The Court believes that the law and philosophy of the Fourth Circuit Court of Appeals is stated in Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (4th Cir. 1955). Although *Internatio-Rotterdam* was an admiralty case, the Court stated: "There can be no question, we think, but that these provisions of the Judicial Code [§§ 1404 and 1406] apply to suits in admiralty as well as to other cases in courts." Supra 515. Even though the facts are different from those present here, the issue is very similar, that is, "whether the District Court for the Southern District of New York had power, under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), to transfer the proceedings in which process had not been served to another jurisdiction, so that process might be served and libellants be given relief with respect to their claims." Supra at 515. The Fourth Circuit answered this question in the affirmative.

The procedural characteristic of *Internatio-Rotterdam*, supported by *Goldlawr*, is that "such transfer is in accord with modern standards of procedure, the purpose of which is to get away from the time-consuming and justice defeating technicalities and secure an adjudication of the rights of the parties by as direct and as expeditious a route as possible." Supra at 517.

While in the instant case it is not clear whether the transfer was under § 1404(a) or § 1406(a), this court believes it makes no difference. The order transferring the cause only stated, "and doth sustain the motion to transfer the action as aforesaid * * *" The motion by the plaintiff for leave to amend and transfer reads in part, "for leave to amend her complaint in order that the same may be tried in a more convenient forum" which would seem to indicate a motion under § 1404(a). Another motion, on the same page as the above motion, seeks a continuance [of the motion to quash and dismiss] "* * * for the reason that a problem of bringing all the necessary parties before the court for the trial of this action to meet the demands of justice requires venue to be transferred to * * *" This language is more characteristic of § 1406 (a).

This Court agrees with the reasoning of those courts which make no distinction between the *Goldlawr's* reasoning as applied in § 1406(a) and § 1404(a). "The same considerations of convenience and procedural reforms which prompted the enactment of Section 1406(a) apply to Section 1404(a), and there is no basis for distinguishing between them insofar as the rule enunciated in Goldlawr is concerned. * * * Thus, whether or not the trial court below had personal jurisdiction over the defendant, for 'the convenience of parties and witnesses' and 'in the interest of justice' the cause should be transferred * * *." Koehring Co. v. Hyde Construction Co., 324 F.2d 295, 297, 298 (5th Cir. 1964). The Third Circuit agrees that the same logic applied to § 1406(a) in *Goldlawr* applies to § 1404(a). In United States v. Berkowitz, 328 F.2d 358 (3rd Cir. 1964), the district court's ruling that it was without power to transfer a case under § 1404(a), in the absence of jurisdiction over the

person of the defendant, was reversed. In this reversal the Third Circuit commented:

> It is true that Goldlawr involved an interpretation of § 1406(a). Nevertheless, we think that its rationale applies equally to § 1404(a), for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another. See Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (C.A.4, 1955)."

As the above discussion indicates, *Internatio-Rotterdam* supports the conclusion that this Court now reaches, namely, it makes no difference in this case whether the action was transferred under § 1404(a) or § 1406(a), the result is the same.

One ancillary issue remains in this case, and that is whether the statute of limitations was tolled with the filing of the complaint of March 29, 1967. The statutes of limitation for both Virginia[3] and West Virginia[4] for personal injury actions are two years. As to what acts are necessary to toll the running of the statute, this Court believes that Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1964), rather than Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), now controls in this type of case,[5] and further, that suit is commenced with the filing of the complaint.[6] The same result was reached in an analogous situation in Callan v. Lillybelle, Ltd., 39 F.R.D. 600 (S.D.N.Y.1966).

> "To hold that this action, which was transferred to this court under § 1404 (a) to preserve it from being barred by the statute of limitations, is now barred would contravene the remedial purpose behind § 1404(a). *Hanna* precludes such a result. In *Hanna* the court found that the Federal Rules represented a strong federal interest in the administration of legal proceedings in the federal courts and such interest compelled the federal courts to apply the Federal Rules notwithstanding the considerations in *Erie* [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] and *York* [Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079]. Here the federal interest is even stronger since a remedial statute of Congress is involved. In *Ragan* no such strong federal interest was involved." Supra at 603.

Based upon the procedural philosophy expressed by the Fourth Circuit Court of Appeals in Internatio-Rotterdam, Inc. v. Thomsen, following the analysis of the spirit underpinning the transferring sec-

---

3. Va.Code 8–24.

4. W.Va.Code, 55–2–12 (Michie 1966).

5. In a concurring opinion to Hanna v. Plumer, Justice Harlan states of *Ragan*, "I think that the decision was wrong." Later in the same paragraph he states, "In such circumstances the interest of the federal system in proceeding under its own rules should have prevailed. 380 U.S. at 477, 85 S.Ct. at 1147.

6. In discussing whether *Ragan* is still good law after the *Hanna* case, the court for the Southern District of New York said: "Study of Hanna v. Plumer, above, convinces me that its reasoning points away from *Ragan*. Hazardous though it be, I must therefore conclude that the Supreme Court after *Hanna* would no longer follow *Ragan*.
The principle applied in *Ragan* was that if 'one is barred from recovery in the state court, he should be barred in the federal court' (337 U.S. at 532, 69 S.Ct. at 1234). This principle cannot survive *Hanna* because admittedly plaintiff in *Hanna* was barred from recovery in the state courts.
The emphasis in *Hanna* is rather on the supremacy of Federal Rules when squarely in conflict with state law plus promotion of a policy to prevent 'forum shopping' * * *."
Nothing need be said as to the supremacy of Federal Rules when, as here, Rule 3 is plainly applicable. Sylvestri v. Warner & Swasey Co., 244 F.Supp. 524, 527 (S.D. N.Y.1965).

tions of the United States Code, as set forth in Goldlawr, Inc. v. Heiman, and impressed by the compelling reasoning of Kaiser v. Mayo Clinic, this Court denies the motion to dismiss.