## McDANIEL v. DROTMAN.
### No. 365.

United States District Court
W. D. Kentucky. Bowling Green Division.
Feb. 29, 1952.

644

Rodes K. Myers and Leland Logan, Bowling Green, Ky., for plaintiff.

No appearance for defendant.

SWINFORD, District Judge.

█ The plaintiff and defendant were involved in an automobile accident in Tennessee on December 4, 1949. On December 2, 1950, this action was filed in this district. The defendant is a citizen and resident of Texas. Process was issued and copies of the summons and complaint were served by the United States Marshal upon the defendant in Texas on December 7, 1950. The defendant has not answered or in any way entered his appearance. The process which was served on the defendant beyond the territorial limits of this state is obviously not a valid service. F.R.C.P. 4 (f), 28 U.S.C.A.

On motion of the plaintiff the case was continued at the regular May term of court. This continuance was granted to enable the plaintiff to try and perfect his service of process or to determine what steps he might take to save his lawsuit.

At the call of the docket at the beginning of the present term, on November 12, 1951, no progress toward getting the defendant before the court had been made. The court threatened to dismiss the case for want of prosecution, but at the further request and on motion of the plaintiff continued the case and assigned it for trial for January 22, 1952. At the call of the case on that day the plaintiff announced that since the defendant was not before the court he (the plaintiff) was not ready for trial.

The plaintiff then requested time to look further into the matter of jurisdiction and venue and to be allowed to submit a brief on the question. Time was granted until February 15.

On February 13, the plaintiff filed his brief in which he argues the point that the court should transfer the case to the Western District of Tennessee where the accident occurred. No motion is made seeking such a transfer or the invoking of the provisions of Title 28, U.S.C.A. §§ 1404(a) and 1406(a).

Had such a motion been made I do not believe it should be sustained. It is set forth in the plaintiff's brief that Tennessee has a statutory provision that nonresident users of its highways consent to be sued in either the state or federal courts of Tennessee for incidents growing out of automobile accidents on its highways. Consequently, he reasons that since the Western District of Tennessee has jurisdiction of the action and process could be had upon the defendant by reason of this Tennessee statute that the case should be transferred.

█ According to the authority of Morris v. Sun Oil Co., D.C., 88 F.Supp. 529, it may be that the venue of the action would lie in the federal court of the Western District of Tennessee. The plaintiff did not select that forum. He selected this district. Having selected his forum I do not believe he can now, without having the defendant

before the court, be permitted to have his case transferred. This court has no jurisdiction of the defendant. He is not before the court.

 Section 1391(a) of Title 28 U.S. C.A., fixes the venue of actions such as this in the district of either the defendant or the plaintiff. The additional venue granted by the forum non conveniens statute cannot be prostituted to such procedure as the plaintiff asks here. That statute was to benefit both parties and in my judgment was enacted primarily to meet an evil of advantage being taken of defendants by suing them in distant and supposedly unfriendly courts. The statute was never intended and cannot be applied to aid a plaintiff who selected one forum and because he is unable to get proper service of process then seeks to have his cause transferred to another district where he believes lawful service can be had.

Apparently in all reported cases where such a motion has been considered the defendant was before the court with an opportunity to offer objections to such transfer and to present reasons for retaining the original forum. Since the defendant is not even before the court an order transferring the case would be clearly improper.

A summation of the purposes and application of Section 1404(a), Title 28 U.S.C. A., are well expressed by Judge Kirkpatrick in the case of Naughton v. Pennsylvania R. Co., D.C., 85 F.Supp. 761, 763: "The doctrine forum non conveniens requires the moving party to show a great deal more than merely that it would be more convenient to try the case in a different jurisdiction. In Williams v. Green Bay & W. R. Co., 326 U.S. 549, 554, 66 S. Ct. 284, 287, 90 L.Ed. 311, the Court 'to put the rule of forum non conveniens in proper perspective' said, 'It was designed as an "instrument of justice." Maintenance of a suit away from the domicile of the defendant—whether he be a corporation or an individual—might be vexatious or oppressive.' And further, in a footnote, quoting from Gibb, International Law of Jurisdiction, ' "the court will not hold its hand unless there be, in the circumstances of the case, such hardship on the party setting up the plea as would amount to vex-atiousness or oppression if the court persisted in exercising jurisdiction. The inconvenience, then, must amount to actual hardship, and this must be regarded as a condition sine qua non of success in putting forward a defense of forum non conveniens. For the general rule is that a court possessing jurisdiction must exercise it unless the reasons to the contrary are clear and cogent." ' In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L. Ed. 1055, the Court said 'A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself', and added, 'But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' "

I repeat that no motion for transfer is found in the record, but accepting the brief of the plaintiff as indication of his request, I must deny him the right to transfer his case to the Western District of Tennessee.

 In view of the fact that there has been no prosecution of this case and apparently can be none the case should be dismissed for want of prosecution. An Order is this day entered.