**BOUGHTON v. SHOULDERS.**

No. 460.

United States District Court
W. D. Kentucky,
Bowling Green Division.

Oct. 30, 1953.

---

25. Knauth, Ocean Bills of Lading, 1953 Ed., p. 241.

26. Robinson on Admiralty, 1939 Ed., § 75, p. 533.

Augustus C. Nelson, Lyons, N. Y., for plaintiff.

Coleman, Harlin & Orendorf, Bowling Green, Ky., for defendant.

SWINFORD, District Judge.

This case is before the court on the defendant's motion to dismiss the complaint. The plaintiff alleges that she was injured in an automobile accident on the highway in the western district of Kentucky through the carelessness and negligence of the defendant in the operation of his motor vehicle at the time and place of the injury.

The defendant moves to dismiss the complaint on the ground that the court is without jurisdiction and that the record shows on its face that the action is barred by limitation.

KRS 413.140 provides that an action for an injury to the person of the plaintiff shall be commenced within one year after the cause of action accrues. Under the allegations of the complaint the cause of action in the instant case accrued on August 19, 1951, at about 12:30 P. M., at the time of the collision with the defendant's automobile.

The complaint was filed in the Western District of New York on May 19, 1953. The record was transferred to this court by an order of the judge of the district court for the Western District of New York by reason of an affidavit filed by the attorney for the plaintiff on June 23, 1953. The order of transfer was entered on June 24, 1953. The record was filed in this court on June 26, 1953.

It is thus established on the face of the record that this action is barred by the statute of limitations and must be dismissed.

The plaintiff seeks to avoid the application of KRS 413.140 in two ways.

It is contended that the one year statute of limitation does not apply because of the provisions of KRS 413.290. This section reads as follows:

"Limitations shall not begin to run in favor of persons coming temporarily into this state, but shall at-

tach only in favor of actual residents in good faith, and after notice to the person to be affected thereby."

█ This section has no application to the facts in the case at bar. The plaintiff is not the debtor. The only purpose of the statute is to protect a creditor against the action of a resident debtor who leaves the state and remains away from the state temporarily for the purpose of giving the statute time to run. That is, "* * * that when a cause of action accrues against a resident of this state, and he, by departing therefrom, obstructs the prosecution of the action, the time of the continuance of his absence from the state shall not be computed as any part of the period within which the action may be commenced." O'Bannon's Adm'r v. O'Bannon, 13 Bush., Ky., 583; Skaggs v. Fyffe, 299 Ky. 751, 187 S.W.2d 281; Sword, etc. v. Scott, 293 Ky. 630, 169 S.W.2d 825.

KRS 413.290 has little significance when read out of context of the general statutory provisions on limitations of actions. It must be considered in connection with and as a clarification of the related statute, KRS 413.190.

It is next contended that since the action was filed in New York in a district which had venue and jurisdiction that the New York statute of limitations, which is represented to the court to be a three year statute of limitations, Civil Practice Act, § 49, should apply rather than the Kentucky one year statute of limitations. I do not have before me the New York statute of limitations but will assume from the statement contained in counsel's brief that that is a statute of New York as pertains to personal injury cases growing out of accidents on the public highway.

Section 1391(a) of Tit. 28 U.S.C.A. fixes the venue of actions such as this in either the district of the defendant or the plaintiff. It is apparent that by filing this action in the western district of New York there was little or no likelihood of getting personal service of process on the defendant who was a resident of the western district of Kentucky. The plaintiff then invoked the provisions of Tit. 28, Sections 1404(a) and 1406, U.S.C.A. and secured an order from the district judge for the Western District of New York transferring the case to this district.

This court had a related question before it in the case of McDaniel v. Drotman, D.C., 103 F.Supp. 643, in which a similar motion on the basis of the forum non conveniens statute was denied.

█ I feel, however, that since an order has been entered transferring this case to this district, the matter of jurisdiction has been determined by the judge of the Western District of New York and is the law of the case. The western district of Kentucky therefore becomes both the place where the cause of action arose and the forum in which the litigation is to be concluded. Since the lex fori and the lex loci are both of Kentucky we must look to the authorities of the court of last resort in this state to determine what should be the proper ruling on the motion to dismiss. It seems well established that the law of the forum governs, whether the action is ex contractu or ex delicto. The plaintiff's complaint shows a common-law right of recovery and the one year statute of limitations necessarily controls. Louisville & N. R. Co. v. Burkhart, 154 Ky. 92, 157 S.W. 18, 46 L.R.A.,N.S., 687; Lewis v. Reconstruction Finance Corporation, 85 U.S.App.D.C. 339, 177 F.2d 654; Travelers Insurance Co. v. Mahon, 273 Ky. 691, 117 S.W.2d 909; Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856.

I must therefore conclude that the motion to dismiss the plaintiff's complaint should be sustained. An order to that effect is this day entered.