Charles J. SKILLING, Plaintiff,

v.

FUNK AIRCRAFT COMPANY, a corporation, Defendant.

No. 1538.

United States District Court
W. D. Missouri,
Southwestern Division.

June 9, 1959.

Stewart E. Tatum, Joplin, Mo., for plaintiff.

L'oyd E. Roberts, Joplin, Mo., for defendant.

RIDGE, District Judge.

In this action federal jurisdiction can only be premised on diversity of citizenship and requisite jurisdictional amount under Section 1332(a), Title 28 U.S.C.A. Venue, if properly laid, would be under Section 1391(a), Title 28 U.S.C.A.

Plaintiff is a resident of the State of Missouri. Defendant is an Oklahoma corporation. It is alleged in the complaint (filed herein on May 26, 1959) that its principal place of business is Coffeyville, Kansas. Process on the complaint was issued the same day, as provided by Rule 4(a), F.R.Civ.P. 28 U.S. C.A. After the filing of the complaint and before the service of such process on the defendant, the United States Fidelity & Guaranty Company, a Maryland corporation, authorized to do business in the State of Missouri, filed motion to intervene, which was allowed *ex parte* by the Court. The intervening petition, praying judgment against defendant in the sum of $3,273, as subrogee to the rights of plaintiff's employer under a Workmen's Compensation insurance policy, was not filed until April 6, 1959. Service of the complaint and intervening

petition was attempted to be made on defendant at Coffeyville, Kansas, by the United States Marshal for the District of Kansas. Apparently, no attempt was ever made to serve the defendant with process in this District. There is no allegation in the complaint, nor has any showing attempted to be made that defendant has ever transacted business in the State of Missouri.

Defendant has now moved to quash the summons, return of service of process, and to dismiss this action for lack of jurisdiction in this Court. Attached to defendant's motion is an affidavit by its President, to the effect that defendant has no salesmen in the State of Missouri; that the defendant does not maintain any warehouse, inventory, service agency, shipping or manufacturing plant in Missouri; that the defendant has no real or personal property in Missouri; that the defendant does not maintain any collector or collection agency in Missouri. The affidavit further states that no person, firm or corporation in the State of Missouri is authorized to accept or receive process for the defendant; that defendant has never consented to be sued in Missouri; that it would place an undue hardship on defendant to defend this cause in this District.

Plaintiff does not controvert any of the above facts. Instead, plaintiff admits that "the service of process herein may be quashed, as plaintiff was misinformed as to the extent plaintiff was doing business in the State of Missouri." The circumstances as to how plaintiff was so misinformed has not been attempted to be demonstrated. Notwithstanding, plaintiff now seeks to have this cause transferred to the United States District Court for the District of Kansas, pursuant to the provisions of Section 1406(a), Title 28 U.S.C.A., stating that the plaintiff will be able to perfect service of process in that District, and that the filing of his complaint in this District was done in anticipation of the running of the statute of limitations by one day, so that if this case is dismissed plaintiff may lose his right to redress because of the filing of this action in the wrong United States District Court.

Section 1406 of the Code, supra, now reads:

"1406. Cure or waiver of defects.

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (Emphasis added.)

Judge Sugarman, in Jones v. Radio Corporation of America, D.C.S.D.N.Y., 129 F.Supp. 440, 441 had occasion to consider the legislative history of present Section 1406, supra, and in connection therewith made the following pertinent announcement:

"As § 1406(a) was originally enacted in the 1948 revision of Title 28, U.S.C. a case filed in the wrong district was to be transferred to any district in which it could have been brought. Professor Moore, in his appearance before Sub-Committee No. 1 of the House Judiciary Committee, construed the then-proposed § 1406(a) to mean that

"'(i)mproper venue is no longer grounds for dismissal of an action in the Federal courts. Instead the district court is to transfer the case to the proper venue.'

"The Revisor's Notes to § 1406(a) agreeably characterize it as providing 'statutory sanction for transfer instead of dismissal, where venue is improperly laid.'

"However, one year later § 1406 (a) was amended to its present form providing that a case filed in the wrong district was to be *dismissed or if it be in the interest of justice* transferred to any district in which it could have been brought."

The Senate Report accompanying the Bill which resulted in the 1949 Amendment to Section 1406(a), supra, explains the purpose of such amendment, as follows:

"Amendment 13 as proposed herein rewrites section 81 of the bill (H. R. 3762) as it passed the House, both of which propose to amend section 1406 of title 28, United States Code.

"Said ·section 1406 now reads as follows:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought.

"It is thought that this provision may be subject to abuse in that a plaintiff might deliberately bring a suit in the wrong division or district where he could get service on the defendant, and when the question of venue is raised the court is required to transfer the case to the court where it 'could have been brought.' However, in the meantime, service has been perfected on a defendant in the wrong venue, and it will carry over into the new (and proper) venue. Rather than promote justice, it can be seen that this section may be subject to abuse. As rewritten, said section will read as follows:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice transfer such case to any district or division in which it could have been brought.

"It will be seen that, even though this has been classified as a change in the law, in fact it is really a clarification of the law as stated and accomplishes the intended purpose."

U.S.Code Cong.Service, Vol. 2, 81st Cong., 1949, pp. 1248, 1253.

■ Thus, the question to be answered here is: "Should a United States District Court in a diversity action transfer the same under Section 1406(a), supra, at the request of the plaintiff, to a district where it could have been brought, in the absence of any demonstration that the plaintiff in good faith or through excusable neglect, inadvertence or mistake was led to believe that the action might be properly commenced, and service of process obtained, in the district in which he chose to file the same?" In light of the legislative history of the 1949 Amendment to Section 1406(a), supra, we believe that such question should be emphatically answered in the negative "in the interest of justice."

■ When the Congress amended Section 1406(a), supra, as above reflected, by substituting "may" for "shall", the Congress stated that it thereby intended to make "it clear" that it considered it an "abuse" of the salutary saving provisions of that section for plaintiff to "deliberately bring a suit in a wrong division or district" solely for the purpose of obtaining service of process on the defendant, and then seek to have it transferred to a forum where it might properly have been brought. As Judge Sugarman concluded, the purpose of such amendment was to make it mandatory upon the United States District Courts to dismiss an action that is so commenced in the wrong "division or district" where there is a failure to show any injustice by the dismissal. Jones v. Radio Corporation of America, supra, 129 F.Supp. at page 442.

■ If it is an "abuse" of the procedure provided by Section 1406(a), supra, for "a plaintiff (to) deliberately bring a suit in the wrong division or district" and then request a "transfer of the case to the court where it 'could have been brought,'" under the circumstances related in the Senate Report, supra, what can be said as to the commencement of an action in a district where the plaintiff has no reasonable cause to believe that service of process can be had on the defendant in the district, and who thereafter requests that the action be transferred to a district where he can obtain service to forestall the running of a statute of limitation in the transferee forum? A mere statement of that proposition leads one to conjure

such a vast avenue of "injustice" being opened if any sanction is ever given to such practice, that no recital of instances is seemingly necessary. If a plaintiff can institute a belated action, such as was here done, in a United States District Court in the State of Missouri, under the circumstances here related, and then have the case transferred to the United States District Court in the District of Kansas, after a statute of limitation has apparently run on his claim in both forums, may not an action be likewise instituted in any District Court, and under like circumstances be transferred to a more distant forum and thereby prevent the running of a statute of limitation against an action thus commenced? Any approval of such conduct in the commencement of an action in a United States District Court where jurisdiction is wholly dependent upon diversity of citizenship is fraught with injustice and should be condemned as an abuse of process, and ruled not "in the interest of justice" to transfer an action under Section 1406(a), supra, under such circumstances.

■ In an action commenced in a United States District Court, where jurisdiction is premised on diversity of citizenship, a plaintiff ordinarily has a "legal right to select any forum where the defendant (is) amenable to process." Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 1950, 182 F.2d 305, 307, 309 and, the forum in which an action is so commenced might thereafter transfer the action to another district "in the interest of justice," as was apparently done in Schiller v. Mit-Clip Co., 2 Cir., 1950, 180 F.2d 654. But, implicit in the right to select the forum for the commencement of an action and to warrant a transfer thereof under Section 1406(a), supra, there is the existence of a factual premise that the defendant was amenable to process in the district in which the action was commenced in good faith. In light of the mandate of Rules 3, 4(a) and 4(f), Federal Rules of Civil Procedure, there is implicit in Section 1332, Title 28 United States Code, that jurisdiction of the United States District Court in a pure diversity action cannot be properly premised thereunder, if service of process of the selected forum cannot be made on the defendant within the jurisdiction of that Court. It is the filing of a complaint and the issuance of process under Rules 3 and 4(a), supra, in a proper forum that tolls the running of a statute of limitation. Mohler v. Miller, 6 Cir., 1956, 235 F.2d 153; Hixon v. Highsmith, D.C.E.D.Tenn., 147 F.Supp. 801. We know of no authority, and none has been cited, that inferentially holds that it would be in the interest of justice in a diversity action to permit a plaintiff to deliberately bring a suit in the wrong district or divison, and then have the case transferred under § 1406(a), supra, where he should reasonably know that he cannot obtain service on the defendant. Internatio-Rotterdam, Inc. v. Thomsen, 4 Cir., 1955, 218 F.2d 514, is not such a case, as the plaintiff here asserts. That was an action for libel, commenced under Admiralty Law which permits the bringing of an action in any district where the defendant may subsequently be found, and a "suit so instituted constitutes the bringing of suit within the requirement of 46 U.S. C.A. § 1303(6)." 218 F.2d 516. However, Chief Judge Parker specifically noted that the ruling so made in that case "must be distinguished in this respect from a civil action based on diversity of citizenship in which venue is limited by statute." See Note, 218 F. 2d at page 516.

■ From all that here appears, plaintiff merely assumed that he could commence the instant action in this District and obtain service of process on defendant. No fact appears that defendant in any wise caused plaintiff to be misled in respect to that matter. To allow a transfer in this action to be now made to a forum where plaintiff might thereafter obtain service of process on defendant, solely for the purpose of interrupting the running of the applicable statute of limitation, would not be "in the interest of justice." (cf.) McDaniel

v. Drotman, D.C.W.D.Ky., 103 F.Supp. 643.

Defendant's motion to quash service of process and to dismiss this action is by the Court sustained, without prejudice.

It is so ordered.