John CARSON, Plaintiff,

v.

U–HAUL CO., Arcoa, Inc., and James Michael Gracey, Defendants.

Betty Lou CARSON, Plaintiff,

v.

U–HAUL CO., Arcoa, Inc., and James Michael Gracey, Defendants.

Fred William CARSON, Plaintiff,

v.

U–HAUL CO., Arcoa, Inc., and James Michael Gracey, Defendants.

Nos. 2006–2008.

United States District Court
E. D. Kentucky,
Lexington Division.

Dec. 30, 1969.

Bush, McDonald, Alford & Roszell, Lexington, Ky., for plaintiffs.

Carroll & Knippenberg, Lexington, Ky., for U-Haul Co. and Arcoa, Inc.

Boehl, Stopher, Graves & Deindoerfer, Lexington, Ky., for James Michael Gracey.

## MEMORANDUM

SWINFORD, Chief Judge.

Plaintiffs, John Carson, Betty Lou Carson and Fred William Carson, were allegedly injured when the automobile in which they were traveling was struck by another automobile driven by the defendant, James Michael Gracey. Plaintiffs contend that the accident was caused by the defective braking condition of a trailer leased from the defendants, U-Haul Co. and Arcoa, Inc., and towed by Gracey at the time of the accident. This accident occurred November 15, 1965, in the eastern federal district of Kentucky. The plaintiffs are citizens of Georgia. The defendants are James Michael Gracey, a citizen of Kentucky; U-Haul Co., a corporation incorporated in Kentucky with its principal place of business in Tennessee; and, Arcoa, Inc., a corporation incorporated in Oregon with its principal place of business in Oregon.

Based on diversity of citizenship, the plaintiffs attempted to recover for their alleged injuries by commencing suits against the named defendants in the United States District Court for the Northern District of Georgia, Atlanta Division. Service of process on defendants U-Haul Co. and Arcoa, Inc. was to be accomplished by serving the Georgia Secretary of State under a Georgia "doing business" statute. No method of serving process on defendant Gracey was proposed. The complaints of plaintiffs John Carson and Betty Lou Carson were filed October 19, 1967. The complaint of plaintiff Fred William Carson was filed the next day.

Gracey did not consent to the jurisdiction of the Georgia district court. U-Haul Co. and Arcoa, Inc. challenged

Candler, Cox, McClain & Andrews, Atlanta, Ga., Harbison, Kessinger, Lisle &

their service under the Georgia "doing business" statute by contending that they in fact were not conducting business in Georgia. After a series of interrogatories failed to produce any tangible results, plaintiffs on February 24, 1969, moved to transfer the actions from the Georgia district court to this court. The cases were ordered transferred on March 14, 1969.

On June 6, 1969, the plaintiffs filed amended complaints. In answers to the amended complaints, defendants U-Haul Co. and Arcoa, Inc. affirmatively alleged that the present actions were barred by the Kentucky statute of limitations. Defendant Gracey moves for the same reason to dismiss the complaints and additionally alleges that the complaints should be dismissed for plaintiffs' lack of prosecution. Federal Rules of Civil Procedure 41(b). The cases were consolidated for consideration by this court.

Plaintiffs filed their original complaints in the Georgia district court twenty-three months after the accident. This filing was one month *before* Georgia's two year statute of limitations governing actions for personal injuries expired; however, it was eleven months *after* Kentucky's one year statute of limitations for similar injuries had expired. After plaintiffs experienced difficulty obtaining service of process on the defendants, their motions to transfer the cases to this court were granted. The question therefore becomes, "Should Kentucky's one year statute of limitations apply and act as a bar to the plaintiffs' actions for personal injuries?" The answer should be in the affirmative.

A case "on all fours" with the cases at bar has previously been decided by this court. Boughton v. Shoulders, 116 F.Supp. 391 (W.D.Ky.1953). In *Boughton,* the original complaint was filed within the time allowed by the transferor state's statute of limitations; however, it was after the statute of limitations on the action had run in the transferee state. After transfer of the action at plaintiff's request, the statute of lim-

itations of the transferee state (Kentucky) was applied and the action was dismissed. The cases at bar are identical to *Boughton.* In these cases, therefore, the Kentucky statute of limitations should apply and the cases should be dismissed as barred.

The plaintiffs allege that the *Boughton* decision has been modified by the Supreme Court decisions of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), and Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This court does not agree.

*Goldlawr* stands for the propositions that jurisdiction is not necessary for tolling of the statute of limitations and that a court may transfer a case to a district of proper venue even though the transferor court lacks personal jurisdiction over the parties. Supra 369 U.S. at 466–467, 82 S.Ct. 913. *Goldlawr* does not stand for the proposition that after transfer, on the plaintiff's request, the statute of limitations of the transferor state should be applied by the transferee state.

*Van Dusen,* in the context of the present cases, stands for the proposition that where the *defendant* seeks transfer, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." Supra 376 U.S. at 639, 84 S.Ct. at 821. In the cases at bar, the *plaintiffs* moved for the transfer under 28 U.S.C. §§ 1404(a), 1406(a). In anticipation of just such a situation, the Court in *Van Dusen* stated: "We do not attempt to determine whether, for example, the same consideration would govern if a plaintiff sought transfer under § 1404(a) or if it was contended that the transferor State would simply have dismissed the action on the ground of *forum non conveniens.*" Supra at 640, 84 S.Ct. at 821.

The main "consideration" applicable in *Van Dusen* was that the Court wanted to ensure that the "accident" of federal diversity jurisdiction would not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the state where the action was filed. Supra at 638, 84 S.Ct. 805. The same consideration applies in these cases. It yields, however, a different result in the application of law.

Up to one year after the accident the plaintiffs could have sued in the federal courts of Georgia or Kentucky, 28 U.S.C. § 1391(a). After that time, however, the actions were barred by the Kentucky statute of limitations, KRS 413.140(1)(a), and the only available forum was that of Georgia. The result at the time of filing plaintiffs' complaints was that service of process over the defendants was doubtful in Georgia and the actions were barred in Kentucky. Plaintiffs sought transfer in order to take advantage of the Georgia statute of limitations and the Kentucky service of process. This result could not have been reached in the state or federal courts of Georgia. After transfer, therefore, the statute of limitations of the transferee state, Kentucky, should be applied. This will result in the actions being barred. Boughton v. Shoulders, supra; Viaggio v. Field, 177 F.Supp. 643 (D.Md.1959); Kaiser v. Mayo Clinic, 260 F.Supp. 900, 907 (D.Minn.1966); Les Schwimley Motors, Inc. v. Chrysler Motors Corp., 270 F.Supp. 418, 420 (E.D.Cal.1967); Field, Jurisdiction of Federal Courts, 46 F.R.D. 141, 146 (1969).

■ Defendants', U-Haul Co. and Arcoa, Inc., affirmative defense of the statute of limitations, KRS 413.140(1)(a), as a complete bar to the actions of plaintiffs, John, Betty Lou and Fred William Carson, for personal injuries is correctly pleaded and should be granted. Federal Rules of Civil Procedure 8(c). Defendant's, James Michael Gracey, motion to dismiss because the complaint is barred upon its face by the statute of limitations should also be granted. See Barron & Holtzoff § 281.

■ This action by the court results in the complete dismissal of the complaints of Betty Lou Carson and Fred William Carson. It also dismisses that portion of John Carson's complaint which seeks to recover for damages resulting from personal injuries. Count 14 of John Carson's original complaint charges that his automobile valued at $1,750.00 was totally destroyed in the accident. Kentucky provides a five year statute of limitations for the recovery of injury to personal property. KRS 413.-120(6). This action may, therefore, still be maintained in this court. The fact that the amount in controversy is now lower than $10,000.00 is of no consequence. The initial action was in good faith pleaded to be in excess of $10,-000.00. A later reduction of amounts which leaves the final amount in controversy less than $10,000.00 does not deny the court jurisdiction over that lesser sum. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Mutual Life Ins. Co. of New York v. Rose, 294 F. 122 (E.D.Ky.1923). See also Tullos v. Corley, 337 F.2d 884 (6 Cir. 1964).

In view of the previous discussion it is not necessary to delve into defendant Gracey's motion to dismiss for plaintiffs' failure to comply with Federal Rules of Civil Procedure 41(b). It is sufficient to hold that in view of the record, the complexity of the case, and the defendants' awareness of the pending litigation, the plaintiffs have complied with Federal Rules of Civil Procedure 41(b).

An order in accordance with this memorandum is this day entered.