Norma Jean **TURNER** and **Hubert Turner**

v.

Jerry F. **McCLAIN** and Lucy Lee Hospital, Inc.

No. J–C–78–3.

United States District Court,
E. D. Arkansas,
Jonesboro Division.

Oct. 31, 1978.

John M. Belew, of Harkey, Walmsley & Belew, Batesville, Ark., for plaintiffs.

Steven M. Reasoner, of Barrett, Wheatley, Smith & Deacon, G. D. Walker, of Frierson, Walker, Snellgrove & Laser, Jonesboro, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

ARNOLD, District Judge.

Norma Jean Turner and her husband brought this action on January 11, 1978, in the United States District Court for the Eastern District of Arkansas, Jonesboro Division. Both plaintiffs are citizens of Arkansas and reside in the Eastern District. Defendant Jerry F. McClain is a physician who is alleged to have performed a hysterectomy on Mrs. Turner on January 11, 1976. Dr. McClain is a citizen and resident of Missouri. The other defendant, Lucy Lee Hospital, Inc., is the hospital in which the operation was performed. Lucy Lee is a corporation incorporated under the laws of the state of Missouri and has its principal place of business in that State. The claim is that Dr. McClain performed the operation negligently and that Lucy Lee was negligent in the care provided for Mrs. Turner.

It is alleged that Mrs. Turner entered the hospital on January 11, 1976, two years to the day before the filing of the Complaint, and that the operation was performed on January 12, 1976.

On February 10, 1978, Lucy Lee Hospital moved to quash the service of process on it, claiming that it had no contact with Arkansas, had not caused any injury in Arkansas, and had never done business in Arkansas. On February 22, 1978, Dr. McClain filed a similar motion.

Instead of opposing these motions, plaintiffs moved for a transfer of venue under 28 U.S.C. § 1406(a). This motion, which seeks transfer to the United States District Court for the Eastern District of Missouri, Southeastern Division, was filed on July 10, 1978. On October 16, 1978, defendants filed their response opposing the motion to transfer. The cause is now before the Court on the motion to transfer, the motions to quash service of process, and a third motion filed by one of the attorneys for plaintiffs seeking leave to withdraw.

The governing statute, 28 U.S.C. § 1406(a), provides as follows:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The motion to transfer raises two questions under this enactment. First, does the Court have the power to transfer? Second, if the Court does have power, is it "in the interest of justice" to exercise it?

There is no question that § 1406(a) applies to this case and that the Court has power to entertain a motion to transfer under the terms of the statute. It is common ground among the parties that the service of process on the defendants in Missouri was ineffective. So far as the record shows, they do not now have and have never had any substantial contact with the State of Arkansas. They are therefore not subject to service of process under Rule 4 of the Federal Rules of Civil Procedure and

the Arkansas "long-arm" statute, Ark. Stats. § 27–2502 (Supp.1977). This apparent absence of jurisdiction over the persons of defendants does not, however, negative the availability of § 1406(a). On the contrary, it is this very jurisdictional defect that brings the Section into play. In *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), the Supreme Court gave § 1406(a) an expansive interpretation. The Court, after quoting the statute, held as follows:

> Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history . . . . The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.

> \*    \*    \*    \*    \*    \*

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by

the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." (Footnote omitted)

It may be objected that the statute is limited to cases in which venue is improper, and that this is not such a case. Jurisdiction here is founded solely on diversity of citizenship, and the case was brought in the district in which all plaintiffs reside. Venue is therefore proper under 28 U.S.C. § 1391(a). It is the absence of personal jurisdiction, not the impropriety of the venue, that prevents the case from going forward in this district. As an original matter, § 1406(a) might therefore seem inapplicable on its face. See the dissenting opinion of Harlan, J., in *Goldlawr,* 369 U.S. at 468 n. *, 82 S.Ct. at 916, 8 L.Ed.2d at 43. But the statute has not been so interpreted. *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967), is in point and is remarkably similar on the facts to this case. That was an action for medical malpractice brought in the Southern District of Illinois against Mayo Clinic and others, all residents of Minnesota. Motions to quash service of process were made and granted, but a motion filed by the plaintiff to transfer the case to the District of Minnesota was also granted. Venue was proper in both districts. It was the absence of jurisdiction over the defendants' persons that made it impossible to proceed with the action in Illinois. The Court of Appeals held, in accordance with the teaching of *Goldlawr,* "that § 1406(a) should be construed wherever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits." 383 F.2d at 654. The Court went on to add:

> We also note in *Goldlawr* that the degree of impropriety in the selection of the forum is immaterial as the Supreme Court there stated "however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over

the defendants or not," the language of § 1406 is broad enough to authorize the transfer. Certainly a party who has been totally wrong in selecting the forum would have no greater right of transfer under § 1406(a) than a party who has selected a forum which is wrong only because service of process cannot be obtained. In either event, the case could not proceed to trial on its merits which leads us to the conclusion reached in *Dubin*, (*Dubin v. U. S.*, 380 F.2d 813), supra, that "§ 1406(a) operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."

383 F.2d at 655–56. The action may not proceed in this district because of a procedural obstacle, the absence of proper service of process, and therefore § 1406(a) applies. It is unnecessary to consider what the effect of a lack of subject-matter jurisdiction might be. There is no such lack here.

█ Is transfer "in the interest of justice"? Defendants point out, and not without force, that this is not a case where plaintiffs were deceived by some kind of technicality into bringing their cause in the wrong forum. So far as appears from the record, plaintiffs knew or should have known all along that it would be difficult, if not impossible, to obtain service of process on these Missouri defendants out of an Arkansas district court. It is tempting to infer that the action was commenced in Arkansas simply because plaintiffs live here and were fearful that the statute of limitations was about to run. We are informed by the parties that the statute is two years in both Arkansas and Missouri. To be sure, absence of jurisdiction over the person can be waived by general appearance. In addition, plaintiffs might have hoped that Dr. McClain, at least, would wander into Arkansas at some point and subject himself to personal service of process. These contin-

gencies are remote, however, and the Court assumes for present purposes that plaintiffs' attorney knew when he filed the Complaint that a well-founded motion challenging the jurisdiction over defendants' persons would probably be filed.[1]

The history of § 1406(a) lends some support to this argument. As originally enacted in 1948, 62 Stat. 937, the statute required transfer in every case filed in a wrong district. The law was amended in 1949 to make transfer discretionary and to require dismissal unless the interest of justice indicated otherwise. Act of May 24, 1949, c. 139, § 81, 63 Stat. 101. This history is referred to in *Skilling v. Funk Aircraft Co.*, 173 F.Supp. 939 (W.D.Mo.1959), and indicates that those persons who wrote one of the committee reports on the bill did not believe that § 1406(a) should apply if a plaintiff deliberately brought his action in the wrong division or district.

The difficulty with this argument is that *Skilling* precedes all of the leading cases interpreting § 1406(a). It was decided both before *Goldlawr* and before *Mayo Clinic*, and its reasoning cannot withstand these holdings. In *Goldlawr*, for example, the Court states that § 1406(a) applies "however wrong the plaintiff may have been in filing his case as to venue . . . ." 369 U.S. at 466, 82 S.Ct. at 916, 8 L.Ed.2d at 43. Since the absence of personal jurisdiction, like the absence of proper venue, is one of the predicates for the applicability of § 1406(a), this remark must be taken to mean that the degree of error in selecting a forum that is unable to exercise personal jurisdiction over the defendants is likewise immaterial. As a matter of fact, the Court of Appeals said exactly that in *Mayo Clinic*. There, it will be recalled, venue was proper in the transferor district. The obstacle that called § 1406(a) into play was, as here, absence of jurisdiction over the person, and Judge Mehaffy stated explicitly for the

---

1. Defendants point out, in addition, that their motions to quash service of process were not answered within the normal period of ten days. These motions were therefore, they contend, "confessed," thereby rendering any further proceedings in this court, including the motion to transfer, nugatory. The court might have granted the motions to quash service on this ground, but it did not do so. It may be observed, moreover, that defendants did not answer the motion to transfer within ten days, either.

Court of Appeals "that the degree of impropriety in the selection of the forum is immaterial . . . ." 383 F.2d at 655.

*Taylor v. Love,* 415 F.2d 1118 (6th Cir. 1969), *cert. denied,* 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970), is also apposite. The plaintiffs there were residents of Michigan and filed suit in the Eastern District of Michigan. The basis of the action was an automobile accident in Tennessee. Defendant, who had never lived in Michigan, was served with process in Tennessee. His motion to quash service was granted, but the plaintiffs' motion to transfer to Tennessee was also granted, and the Court of Appeals affirmed, even though "this suit may well have been filed in . . . Michigan just to stop the running of the statute of limitations in Tennessee." 415 F.2d at 1120. *Skilling,* the Court observed, set forth the argument in support of a contrary view, but it was not followed. (The *Skilling* opinion, moreover, written as it was before *Goldlawr,* seems to have assumed that § 1406(a) was not applicable at all to actions filed in a district in which the defendant was not amenable to service of process. See 173 F.Supp. at 943.) A similar case is *Teets v. Hawker,* 278 F.Supp. 834, 836 (N.D.W.Va. 1968), in which the Court, noting that *Skilling* preceded *Goldlawr,* declined to follow it.

If these authorities do not require the Court to grant the motion to transfer, they certainly point strongly in that direction. There may be certain kinds of misconduct on the part of plaintiffs or their attorney that might tilt the scales in the direction of a dismissal rather than a transfer. I do not find such misconduct here. Plaintiffs have filed their action in a court that appears to lack jurisdiction over the person of defendants, but there is no reason to believe that this filing was the result of bad faith or a desire to harass defendants, as opposed to a genuine wish to present for adjudication a claim believed to be meritorious. The Court must consider the consequences to both sides of the various actions that might be taken. If the case is dismissed instead of transferred, plaintiffs' claim will be extinguished, because re-filing in Missouri is apparently barred by limitations. This circumstance weighs heavily in favor of transfer, and is a factor that a number of courts have referred to in similar situations. In *Mulcahy v. Guertler,* 416 F.Supp. 1083 (D.Mass.1976), cited by defendants, for example, transfer was denied on the ground that the plaintiff knew or should have known that process could not be served out of the transferor forum. The Court expressly noted, however, that the case could be re-filed in the proper forum. Limitations had not run. Cases in which limitation had run were distinguished.

■ The worst that could happen to defendants, on the other hand, is to have to defend in Missouri, which is their home ground. If the defendants prevail on the merits, they would have been subjected to the burden and expense of the action, some of which has already been incurred, and that is not an insubstantial factor, but it pales in comparison with the possibility that a meritorious claim may be defeated because of the very kind of jurisdictional defect that § 1406(a) was intended to cure. In general, the rules and statutes should be interpreted to produce decisions disposing of claims on their merits. Substantial justice is the end purpose of the process, and this purpose would not be served by an outright dismissal at this time. All of the defenses available, of course, can be pressed in the Missouri court after transfer.

It is therefore ORDERED that the motion for transfer of venue be, and it is hereby, granted, and that this cause be, and it is hereby, transferred to the United States District Court for the Eastern District of Missouri, Southeastern Division. The motions to quash service of process are moot and need not be ruled on.

■ Also pending is a motion of John Belew, one of counsel for plaintiffs, for leave to withdraw. Such motions are ordinarily granted, especially where other counsel are available to represent plaintiffs, which is the case here. The certificate of service on the motion for leave to withdraw, however, does not recite service either upon plaintiffs personally or upon any

of their other counsel. Service is shown only on the attorneys for defendants. The better practice, in the Court's view, is for motions for leave to withdraw to be served upon the client personally, or at least upon other counsel representing him. In this way, any reasons that might militate against the motion could be brought to the attention of the Court. It is therefore ORDERED that the motion for leave to withdraw be, and it is hereby, denied, without prejudice to its being renewed after transfer.