**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**Sid COCKRELL, Executive Director, and
Bexar County Medical Society,**
Respondents.

**Misc. No. 77–0026.**

United States District Court,
District of Columbia.

March 18, 1977.

Robert J. Lewis, Gerald P. Norton, Jerold D. Cummins, and David M. Fitzgerald, Washington, D.C., for petitioner.

Thomas H. Sharp, Jr., Stephen E. Walraven, San Antonio, Tex., Charles M. Darling, IV, Washington, D.C., for respondents.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case is before the Court on respondents' motion to dismiss or in the alternative to transfer. The case was brought by the petitioner-Federal Trade Commission to enforce a subpoena *duces tecum* issued by an FTC Administrative Law Judge in the course of an adjudicative proceeding being conducted in Washington, D.C. The proceeding concerns an FTC complaint that charges that the Commission has reason to believe that the American Medical Association, the Connecticut State Medical Society, and the New Haven County Medical Association, Inc., have violated section 5 of the FTC Act, 15 U.S.C. § 45, by agreeing to prevent or hinder competition among physicians. The complaint alleges that the anti-competitive agreements are nationwide and have been published, circulated, and enforced by means of the "ethical standards" entitled *Principles of Medical Ethics.*

The Administrative Law Judge issued subpoenas *duces tecum* to respondents Bexar County Medical Society and its Executive Director, Sid Cockrell, and to various other "third party witnesses" across the nation. These subpoenas sought, in general, information concerning the ethical standards imposed on physicians and the interpretation, application, and enforcement of these standards. All the subpoenas, including that here in issue, were issued by and returnable before the Administrative Law Judge in the District of Columbia.

In their motion, respondents assert several grounds upon which this Court should dismiss the FTC's enforcement petition. First, they argue that this Court lacks jurisdiction over them because the District of Columbia is not a jurisdiction within the meaning of section 9 of the FTC Act, 15 U.S.C. § 49, within which the Commission's inquiry is being conducted. In support of their argument, respondents rely primarily upon a recent district court decision in California, *FTC v. Western General Dairies,* Civil No. 76–2321 GBH (N.D.Cal. January 26, 1977), which held that the activities there under investigation bore no reasonable relationship to the Northern District of California and therefore that the Commission's inquiry could not be deemed to be taking place in that district.[1]

■ Respondents, however, misconstrue the nature of the FTC's inquiry in the present case. The FTC inquiry here is not focused on respondents and their activities in Texas; rather, it is a *nationwide* inquiry and respondents are being subpoenaed merely as third-party witnesses. As such, it is clear that the Commission's choice of the District of Columbia as the place for its inquiry does not exceed "the bound of reasonableness." *FTC v. MacArthur,* 532 F.2d 1135, 1140 (7th Cir. 1976). The Court agrees with the Commission that the case of *FTC v. Browning,* 140 U.S.App.D.C. 292, 435 F.2d 96 (1970), directly controls this case and compels this Court to reject respondents' argument and to conclude that

---

1. In reaching this conclusion, the district court relied on the Seventh Circuit's dictum in *FTC v. MacArthur,* 532 F.2d 1135, 1140 (1976). In *MacArthur,* the Seventh Circuit held that the FTC's inquiry was being conducted in Chicago and therefore the Northern District of Illinois was a court "within the jurisdiction of which such inquiry is carried on" as required by section 9. Because the inquiry in *MacArthur* focused on a particular corporation and certain individuals associated with that corporation, the factors considered by the court in determining the reasonableness of the FTC's choice of Chicago as the place of inquiry are in large part inapposite to the present case.

this Court has jurisdiction over the respondents pursuant to section 9.[2]

■ Respondents' second argument is that the case should be dismissed for improper venue because 28 U.S.C. § 1391, the general federal venue statute, and not section 9 of the FTC Act, should govern this case. The plain language of section 9, however, indicates that Congress intended section 9 to confer venue in enforcement actions such as this, and the courts have universally so interpreted section 9. *See, e. g.,* *FTC v. Browning, supra*; *FTC v. Sherry,* 1969 CCH Trade Cases ¶ 72,906 (D.D.C. 1969). Since, as held above, the location of the FTC inquiry in this case is the District of Columbia, this enforcement action is properly brought in this Court.

■ Respondents' third argument is that if jurisdiction and venue in this Court are proper under section 9, then section 9 is unconstitutional as applied to respondents because it forces them to litigate their claims in a district with which they have insufficient contacts to satisfy the requirements of due process. Assuming, without holding, that the fifth amendment's due process clause does limit the jurisdiction of the federal courts in enforcement proceedings brought pursuant to section 9, the Court concludes that the constitutional limitations are appropriately determined by application of a "judicial fairness" test and not by the "minimum contacts" test suggested by respondents. *See Oxford First Corp. v. PNC Liquidating Corp.,* 372 F.Supp. 191 (E.D.Pa.1974). Applying such a fairness test to the present case, the Court concludes that section 9 as applied to the respondents satisfies the requirements of due process. This enforcement proceeding is *not* a plenary civil proceeding; rath-

er, it is a summary proceeding and, unlike *Oxford First Corp.,* does not therefore entail the discovery and other burdens incident to a trial on the merits. The only burden that the Commission's choice of this forum imposes on respondents is the expenses for and inconvenience to counsel. When weighed against the Commission's interest in having the subpoenas returnable to the District of Columbia, the site of its inquiry, and the public interest in "uniformity in the application of the law and economy of judicial administration", *FTC v. Browning,* 140 U.S.App.D.C. at 296, 435 F.2d at 100, respondents' burden is insufficient to warrant constitutional protection. Accordingly, the Court must reject respondents due process arguments.

■ Finally, respondents urge the Court to transfer this case pursuant to 28 U.S.C. § 1404(a) to the District Court for the Western District of Texas. Assuming, without holding, that the Commission could initially have brought this enforcement proceeding in that district, the Court nevertheless will not so transfer the case because such a transfer would not be "in the interests of justice." For the reasons stated by the Court in rejecting respondents' due process argument, the Court concludes that the interests of justice are better served by permitting this action to proceed in this Court. *Cf. FTC v. MacArthur,* 532 F.2d at 1142.

2. *Browning* involved an FTC proceeding charging a Pennsylvania cement company with violations of section 5 of the FTC Act and section 7 of the Clayton Act by its acquisitions of five concrete firms in Florida, Virginia, and Kentucky. In connection with the proceeding, the FTC was attempting to enforce thirteen subpoenas against third party witnesses in seven different judicial districts. On these facts, the D.C. Circuit held that Washington, D.C., the designated place of hearing, was a place where "the inquiry is carried on" within the meaning of section 9. Therefore, it concluded that the District Court for the District of Columbia had jurisdiction to enforce the subpoena against the respondent.