**IN THE UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____
No. 94-10837
(Summary Calendar)
_____


NATIONAL LABOR RELATIONS BOARD,

                                        Plaintiff-Appellee,

                        versus

RONNY LINE,

                                        Defendant-Appellant.

_____
Appeal from United States District Court
for the Northern District of Texas
(4:94-MC-25-Y)
_____
(March 8, 1995)

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]


    Ronnie Line appeals the judgment of the district court enforcing a subpoena duces tecum issued by the National Labor Relations Board against him.  For the following reasons, the judgment of the district court is affirmed.

                        BACKGROUND

    Ronnie Line is President of the Oklahoma Fixtures Company ("Oklahoma Fixtures").  Oklahoma Fixtures is an Oklahoma

_____

    [*]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession. "Pursuant to that Rule, the Court has determined that this opinion should not be published.

1

corporation engaged in the manufacture of fixtures for retail stores. Oklahoma Fixtures also performs the installation of these fixtures in various states, including Texas. In 1975, Oklahoma Fixtures allegedly entered into a collective bargaining agreement with the Carpenters District Council of North Central Texas ("Union"). This agreement related to work being performed by Oklahoma Fixtures in the North Texas area.

In 1987, Oklahoma Fixtures is believed to have created Oklahoma Installation, Inc. ("Oklahoma Installations"), as a non-union entity engaged in the installation of Oklahoma Fixtures products. Early in 1993, the Union became aware that Oklahoma Installations was performing work in the North Texas area. The Union filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"). The NLRB issued a subpoena for information about the existence of the collective bargaining relationship between Oklahoma Fixtures and the Union and information about the relationship between the Oklahoma Fixtures and Oklahoma Installations. The subpoena duces tecum requested that Line, as President of Oklahoma Fixtures, produce and furnish the information.

Line did not comply with the subpoena and the NLRB filed an application to enforce the subpoena in the Northern District of Texas. The district court granted the motion finding that the subpoena was properly issued and that it was not overly broad. Line appeals the judgment of the district court.

DISCUSSION

## I.  ABSENCE OF JURISDICTION ARGUMENT

Line contends that the district court did not have jurisdiction to enforce the subpoena.[1]  Jurisdiction to enforce a subpoena of the NLRB is governed by  29 U.S.C. § 161(2) which in pertinent part states:

> (2) Court aid in compelling production of evidence and attendance of witnesses.  In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States or the United States courts of any Territory or possession, <u>within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business</u> . . . . [emphasis ours]

Line argues that the jurisdiction of inquiry in 29 U.S.C. § 161(2) is the location of the subject of the subpoena.  He argues that since he, as the subject of the subpoena, is located in the state of Oklahoma, the proper jurisdiction of this enforcement action is in Oklahoma.  Line cites no authority for this proposition and we have found none.  We, however, have found contrary authority.

In <u>F.T.C. v. Jim Walter Corp.</u>, 651 F.2d 251 (5th Cir. 1981), the Dallas Regional Officer of the Federal Trade Commission ("FTC") had issued a subpoena to the Jim Walter Corporation for records

---

[1]We note that we also have jurisdiction over the district court judgment.  A judgment that disposes of all live claims is an appealable final judgment. <u>Moody v. Seaside Lanes</u>, 825 F.2d 81, 85 (5th Cir. 1987).  In this case, the only claim before the district court was the NLRB's enforcement action-- which the district court adjudicated.  Since all claims have been disposed of by the district court, its judgment is final and appealable. <u>See</u> 28 U.S.C. § 1291.

3

needed in an investigation it had undertaken.  The defendant refused to supply the information and the FTC went to the district court in the Northern District of Texas to enforce the subpoena. The FTC relied on the following statutory authority:

> Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any person, partnership, or corporation, issue an order requiring such person, partnership, or corporation to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

15 U.S.C. § 49.  The defendant's home base was in Florida, but one of its subsidiaries had an office in the Northern District of Texas.  The defendant argued that the "jurisdiction of inquiry" should be in Florida since that is where the corporate headquarters was located.  This Court rejected the argument.  It stated that "the statutory term 'inquiry' refers to the entire investigation not just that portion of it involving the party subpoenaed." Id. at 254.  Because the FTC's inquiry was being carried on in the Northern District of Texas, we found that jurisdiction was proper. Id.

The subpoena enforcement statutes in Jim Walter Corp. and in this case are similarly worded and have the same purpose.  We therefore hold that the place of inquiry in 29 U.S.C. § 161(2) is the jurisdiction of the underlying NLRB investigation.  In this case, the NLRB's investigation is being undertaken in the Northern District of Texas.  Thus, the district court, being located in the Northern District of Texas, had jurisdiction.

Line argues that the court in Jim Walter Corp. was not presented the arguments that the subpoena itself defined the place of inquiry and he is correct. However, in Jim Walter Corp., this Court had to define the place of inquiry for 15 U.S.C. § 49. It is this definition that we find applicable to this case. We therefore find this argument to be without merit.

II. IMPROPERLY NAMED ARGUMENT

Line also argues that the subpoena was issued against him personally and not against the corporation. After examining the subpoena issued by the NLRB, we find that the subpoena was issued against Line in his official capacity as President of Oklahoma Fixtures Co. The subpoena was addressed to "Ronny Line, President" and was sent to Oklahoma Fixtures' address. The subpoena refers to the underlying labor relations case. An attachment to the subpoena asks Line to supply company documents. Clearly, the subpoena was served against Ronnie Line as President of Oklahoma Fixtures.

In Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed.2d 771 (1910), the Supreme Court stated that there were two ways to obtain documents from a corporation, one could subpoena the documents from the corporation or subpoena the documents from the corporate officer who has custody of the documents. Id. at 375; 31 S.Ct. 542. Line, as President of Oklahoma Fixtures, would presumedly have custody and control of the documents. We therefore find this contention to be without merit.

III. IMPROPER VENUE ARGUMENT

Line contends that the subpoena enforcement action was filed

5

in the wrong venue. We find this argument to be without merit. The definition of jurisdiction in 29 U.S.C. § 161(2) refers to any "district court." Venue is necessarily defined as the appropriate district court to file an action. See 28 U.S.C. § 1391(naming the appropriate district courts where venue would be correct). Where 29 U.S.C. § 161(3) defines jurisdiction in a specific district court, it is also specifying venue.

Every court that has addressed the subpoena enforcement provisions for other federal agencies with statutes worded similarly to 29 U.S.C. § 161 has concluded that venue and jurisdiction are synonymous for these statutes. See e.g., FTC v. Cockrell, 431 F.Supp. 558, 560 (D.D.C. 1977); SEC v. Smith, 1992 WL 67832 at 7 (N.D. Ill. 1992); United States v. Wilfred American Corp., 1987 WL 10501 at 11 (D.D.C. 1987)(Department of Education subpoena); United States v. Tesoro Petroleum Corp., 503 F.Supp. 868, 873 (D.D.C. 1980)(considering the Department of Energy's venue choice to be identical to jurisdiction); see also FTC v. Jim Walter Corp., 651 F.2d 251 (5th Cir. 1981)(considered whether jurisdiction and venue was appropriate without distinguishing between them). Because we have already held that jurisdiction was proper, venue is also proper.

Line argues that the general venue requirements of 28 U.S.C. § 1391 determines the proper venue. We disagree. The provisions of 28 U.S.C. § 1391 apply "except as otherwise provided by law." See 29 U.S.C. § 1391(a) & (b). "[W]here Congress has dealt with a particular venue problem . . . broader language in a general statue

6

will not overcome this even though literally applicable." <u>Bruns,</u> <u>Nordeman & Co. v. American National Bank & Trust Co.</u>, 394 F.2d 300, 303 (2nd Cir.) <u>cert. denied</u>, 393 U.S. 885, 89 S.Ct. 21 L.E.2d 125 (1968); <u>see also</u> <u>Stonite Products Co. v. LLoyd Co.</u>, 315 U.S. 561, 54-567, 62 S.Ct. 780, 781-83, 86 L.Ed. 1026 (1942). In this case, Congress created a specific venue requirement for NLRB enforcement actions in enacting 29 U.S.C. § 161. We therefore hold that the general venue requirements of 28 U.S.C. § 1391 are not applicable in NLRB venue enforcement actions.

IV. UNENFORCEABLE SUBPOENA ARGUMENT

Line contends that the subpoena is unenforceable because: 1) the subpoena is overly broad in the number of documents it seeks because the statute of limitations relating to unfair labor charges is six months and the subpoena seeks documents from five years ago; and 2) there is no collective bargaining agreement. A subpoena issued by an administrative agency may be enforced where the investigation is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant to the agency's investigation. <u>United States v. Morton</u> <u>Salt Co.</u>, 338 U.S. 632, 652-53, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950).

After examining the subpoena, we find that the documents are relevant to the NLRB's investigation despite their five year reach. The documents sought in the subpoena seek to establish the existence of a collective bargaining agreement and whether Oklahoma fixtures has established a non-union company to divert work away

7

from the unionized company. In regard to Line's argument concerning the existence of a collective bargaining agreement, such an argument goes to the substance of the complaint. As acknowledged by Line, a party may not interpose a defense of an underlying unfair labor practice charge in a subpoena enforcement action. D.G. Bland Lumber Co. v. NLRB, 177 F.2d 555, 557-58 (5th Cir. 1949); NLRB v. Dutch Boy, Inc., 606 F.2d 929, 933 (10th Cir. 1979). We therefore find this contention is without merit.

## CONCLUSION

Because this subpoena enforcement action was filed in the same district as the NLRB's inquiry, both jurisdiction and venue are proper. The subpoena is also not overly broad. The judgment of the district court enforcing the subpoena is AFFIRMED.

8