### PACER GLOBAL LOGISTICS, INC., Plaintiff,

v.

### NATIONAL PASSENGER RAILROAD CORP., Burlington Northern Santa Fe Railway Co. and James Dickey Inc. dba Jimco Construction, Defendants.

#### No. 01–C–1131.

United States District Court, E.D. Wisconsin.

July 10, 2003.

Angela Savino, Columbus, OH, Rebecca Leair, Donald O'Meara, Milwaukee, WI, for Plaintiff.

Bruce Ranta, Milwaukee, WI, Henry Daar, Chicago, IL, Thomas Hanrahan, Milwaukee, WI, R. Scott Ritter, Waukesha, WI, for Defendants.

## DECISION AND ORDER

ADELMAN, District Judge.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Pacer Global Logistics, Inc. ("Pacer") contracted with defendant National Passenger Railroad Corp. ("Amtrak") to transport cargo from Appleton, Wisconsin to Ontario, California. While Amtrak was transporting the cargo through California, an earthquake occurred causing the rail car carrying the cargo to derail. Pacer, then, commenced an action against Amtrak under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707, seeking compensation for damage to the cargo.[1] Venue was proper in this judicial district under 49 U.S.C. § 11706(d)(2)(A)(i), which authorizes actions under the Carmack Amendment to be brought against the originating rail carrier "in the judicial district in which the point of origin is located."

During pretrial discovery, Pacer learned that the damage to the cargo may have occurred when Amtrak, Burlington Northern Santa Fe Railway Co. ("BNSF"), another carrier, and James Dickey, Inc. ("Jimco"), a construction company, attempted to rerail the rail car. Thus, Pacer added BNSF and Jimco as defendants alleging Carmack Amendment and negligence claims against BNSF and a negligence claim against Jimco.

Pursuant to Fed.R.Civ.P. 12(b)(3), Jimco now moves to dismiss Pacer's claim against it based on improper venue. Alternatively, pursuant to 28 U.S.C. § 1406, Jimco asks that I transfer venue of such claim to the appropriate judicial district in California. Jimco states, and Pacer does not dispute, that it does no business in

Wisconsin and that the only activity in which it participated in connection with the present case, the attempted rerailing of the rail car, took place in California.

Pacer opposes Jimco's motion to dismiss. Alternatively, Pacer requests that, if I conclude that its claim against Jimco is improperly venued in this district, I should transfer the entire case to a district in California pursuant to 28 U.S.C. § 1404(a). Amtrak and BNSF oppose any change of venue.

## II. DISCUSSION

### A. Jurisdiction

The issues of venue that this case presents are related to issues of jurisdiction, thus I will briefly discuss jurisdiction. In order to adjudicate a case, a court must have jurisdiction over the subject matter of the action and personal jurisdiction over the defendants. Unlike subject matter jurisdiction, personal jurisdiction is waivable. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In the present case, no party has challenged personal jurisdiction, thus, I have personal jurisdiction over all defendants.

District courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the present case, Pacer's Carmack Amendment claims against Amtrak and BNSF arise under federal law, thus, I have subject matter jurisdiction over such claims.

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over claims "related" to those within their original jurisdiction, including claims involving additional parties. Formerly

---

1. The Carmack Amendment deals with the liability of carriers for loss or injury to cargo.

*See Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1412 n. 6 (7th Cir.1987).

known as pendent jurisdiction, supplemental jurisdiction extends "to all claims sufficiently related to the claim on which [the court's] original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181 (7th Cir. 1993). For purposes of supplemental jurisdiction, claims are sufficiently related when they derive from a common nucleus of operative facts. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ In the present case, Pacer's Carmack Amendment claims against Amtrak and BNSF and its negligence claims against BNSF and Jimco derive from a common nucleus of operative facts. All four claims allege liability for the damage to cargo caused by the derailing and/or attempted rerailing of Amtrak's rail car. Thus, pursuant to § 1367(a), I have supplemental jurisdiction over Pacer's state law claims, including its claim against Jimco.

## B. Venue

### 1. Whether Case is Properly Venued

■ Venue concerns the appropriate district court in which an action may be filed. *NLRB v. Line*, 50 F.3d 311, 314 (5th Cir.1995). As a general rule, the proper venue of an action in a federal court is determined by federal venue statutes. *See, e.g.*, 28 U.S.C. § 1391, et seq. In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. *Leroy*, 443 U.S. at 183–84, 99 S.Ct. 2710. In order for venue to be proper in an action, it must be proper as to all

defendants and all claims. *PKWare, Inc. v. Meade*, 79 F.Supp.2d 1007, 1015 (E.D.Wis.2000). Venue is best treated as an affirmative defense, and the defendant has the burden of establishing that it is improper. *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 794 (7th Cir.1998). Venue is a limitation designed for the convenience of the parties and, as such, may be waived by them. *Olberding v. Ill. Central R.R. Co.*, 346 U.S. 338, 340, 74 S.Ct. 83, 98 L.Ed. 39 (1953).

In order to determine whether Pacer's claim against Jimco is properly venued in this district, I first ask whether any federal statute provides venue. Generally speaking, there are two types of federal venue statutes, special venue provisions and 28 U.S.C. § 1391, the general venue statute, which governs venue of all claims brought in federal court except where venue is "otherwise provided by law." *See* §§ 1391(a) & (b). Special venue provisions are typically attached to statutes providing substantive rights and are intended to control all claims brought under such statutes.[2] Section 11706(d)(2)(A), the venue provision attached to the Carmack Amendment, is a typical special venue statute in that it limits venue to certain specified districts.

In the present case, § 11706(d)(2)(A) controls venue with respect to Pacer's Carmack Amendment claim against Amtrak, and BNSP has consented to venue in this district. However, § 11706(d)(2)(A) says nothing about Pacer's state law claim against Jimco. Thus, I turn to the general venue statute. Section 1391(b) governs venue in civil actions, such as the present one, where "jurisdiction is not founded solely on diversity of citizenship." Section

**2.** However, some statutes, such as the RICO Act, have a special venue provision intended to supplement, and hence expand, the general venue provision. *See Miller Brewing Co. v.* *Landau*, 616 F.Supp. 1285, 1291 (E.D.Wis. 1985) (noting that the RICO venue provisions supplement rather than replace the general venue statute).

1391(b)(2) lays venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," and, because all of Jimco's activity in the present case occurred in California, indicates that the claim against Jimco is properly venued in a district in California.

Thus, pursuant to the special venue statute attached to the Carmack Amendment, Pacer's claim against Amtrak is properly venued in this district but, pursuant to the general venue statute, its claim against Jimco appears to be properly venued in a district in California, even though both claims arise out of a common core of facts. Under the rule that venue must be proper for each claim, it would seem that Pacer's claim against Jimco should be dismissed or transferred. Yet, this outcome is unsatisfactory for it undermines the very goals of judicial economy, fairness to litigants, and convenience to parties and witnesses on which venue is based. If two or more claims arise out of the same set of facts, it is wasteful of judicial resources and unfair to one or more of the parties to require that the claims be litigated in separate judicial districts.

 In order to address this problem, courts have created the doctrine of "pendent venue." According to this doctrine, a claim that is not properly venued standing alone can still be heard by a court as long as another properly venued claim arising out of a common nucleus of operative facts is also brought at the same time in the same district. The doctrine developed as an analogy to the concept of supplemental jurisdiction whereby a state law claim that could not otherwise be heard in a federal court would be allowed if attached to a factually similar federal claim. Richard Corn, *Pendent Venue: A Doctrine in Search of a Theory*, 68 U. Chi. L.Rev. 931, 932 (2001).

A number of courts have invoked the doctrine of pendent venue to avoid having to dismiss or bifurcate claims that are based on the same underlying facts as properly venued claims. *See PKWare, Inc.*, 79 F.Supp.2d at 1018 (discussing doctrine and citing cases); *see also Travis v. Anthes Imperial Ltd.*, 473 F.2d 515, 528–29 (8th Cir.1973) (stating that when venue is proper on federal claims, it is also proper on pendent state claims); *Solow Bldg. Co., LLC v. ATC Assocs., Inc.*, 175 F.Supp.2d 465, 469–70 (E.D.N.Y.2001) (stating that court could exercise pendent venue over one claim when that claim was factually related to second claim for which venue was proper); *Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.*, 769 F.Supp. 259, 263 (M.D.Tenn.1991) (stating that under pendent venue doctrine, if venue of original federal claim is established, pendent venue is established for joined state claims).

Commentators have strongly endorsed the use of pendent venue in cases where jurisdiction is based on supplemental jurisdiction:

> [I]f the district court determines that supplemental jurisdiction over a claim exists, and none of the statutory exceptions are present, the courts ought to continue to permit pendent venue. Venue ought not become more than subject matter jurisdiction. Refusing to allow pendent venue when supplemental jurisdiction exists would elevate venue to a level of importance it ought not have, especially in light of Congress's efforts at removing venue barriers. In any event, to the extent that permitting pendent venue creates a burden on the defendant, the defendant may seek to transfer the entire action to a different district.

17 James Wm. Moore et al., *Moore's Federal Practice* § 110.05 (3d ed.1997); *see also* Corn, *supra*, at 932–33.

Further, the doctrine of pendent venue can be reconciled with federal venue statutes in a way that furthers the goals of venue, i.e., judicial economy, fairness, and convenience to litigants and witnesses, and, at the same time, respects the language and intent of the venue statutes. Corn, *supra,* at 932–33. This reconciliation can be accomplished by applying the following analysis.

■■■ First, when a plaintiff brings multiple claims, all of the claims that arise out of the same nucleus of operative facts should be considered one cause of action for venue purposes. *See Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130 (defining "cause of action" broadly); *Hurn v. Oursler,* 289 U.S. 238, 245–46, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) (stating that factually interrelated copyright and unfair competition claims were same cause of action); *Beattie v. United States,* 756 F.2d 91, 100 (D.C.Cir.1984) (stating that two claims amounted to one cause of action); *Gen. Foods Corp. v. Carnation Co.,* 411 F.2d 528, 531–32 (7th Cir.1969) (stating that multiple claims on a single patent all relating to same subject matter were one cause of action); *Kramer v. Pittstown Point Landings, Ltd.,* 637 F.Supp. 201, 205 (N.D.Ill.1986) (stating that when four counts encompassed one transaction and alleged several grounds of relief, venue was proper over the fourth count when it was proper over the three principal counts).

Second, if any of the claims making up the cause of action are governed by a special venue provision of the type that limits venue to specified districts, the cause of action may be brought only in a district specified by such provision. This is so because congressional intent to limit the available districts is clear and cannot be circumvented by claims of pendent venue. Corn, *supra,* at 956; *see also PKWare, Inc.,* 79 F.Supp.2d at 1019 (finding application of the doctrine of pendent venue inconsistent with the specific requirements of the statute conferring venue in patent cases). Thus, even treating all of the claims arising out of one set of facts as one cause of action, a court may nevertheless not allow the cause of action to be brought outside the districts provided for by Congress. Corn, *supra,* at 956.

Third, as stated, the general venue statute provides venue in cases where venue has not been "otherwise provided by law." 28 U.S.C. §§ 1391(a) & (b). It follows that if a special venue statute limits the venue of one of the claims that make up the plaintiff's cause of action, then venue of the cause of action has been "otherwise provided by law," and the general venue provision no longer governs. Corn, *supra,* at 957. Rather, the claims governed by the general venue statute can be brought as pendent to the claim governed by the special venue statute, i.e., they are part of the properly venued cause of action. This analysis is supported by the canon of construction that the special controls over the general. *See Varity Corp. v. Howe,* 516 U.S. 489, 511, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). It also emphasizes the default nature of the general venue provision. Corn, *supra,* at 957 n. 186.

■■■ To summarize, where a special venue provision lays venue of a claim in certain specified districts, such provision controls venue for all claims arising out of the same nucleus of operative facts.[3] This is so because all such claims may be classified as one cause of action for purposes of

---

3. This rule would not apply if more than one of the claims comprising the cause of action was governed by a limiting special venue statute. In such a case both special venue provisions would have to be satisfied. Judicial economy and convenience to the parties cannot justify circumventing a congressional mandate. Corn, *supra,* at 959.

venue. Any claim governed by the general venue statute that is part of the cause of action may be brought in the district specified by the special venue statute under the doctrine of pendent venue. *Id.*

■ Pursuant to the foregoing analysis, I conclude that, under the pendent venue doctrine, Pacer's claim against Jimco is properly venued in this district. Pacer's claims against Amtrak, BNSF and Jimco arise from the same nucleus of operative facts, and, therefore, will be treated as one cause of action for venue purposes. Further, one of the claims that is part of the cause of action, Pacer's claim against Amtrak, is properly venued in this district pursuant to a special venue statute, § 11706(d)(2)(A)(i).[4] Therefore, Pacer's cause of action, including its claim against Jimco, is also properly venued in this district. The general venue statute, § 1391(b)(2), which previously appeared to provide venue of Pacer's state law claim against Jimco in California, does not, in fact, govern. This is so because venue has been "otherwise provided by law." Thus, Jimco's motion to dismiss for improper venue will be denied.

## 2. Whether Venue Should be Transferred

■ As an alternative to dismissal, Jimco requests that, pursuant to 28 U.S.C. § 1406(a), I transfer venue of Pacer's claim against it to a district in California. Section 1406(a) provides: "[t]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." However, § 1406(a) entitles Jimco to a transfer of venue only if venue is laid in the wrong district. *Riley v. Union Pac. R.R. Co.*, 177 F.2d 673 (7th Cir.1949). As discussed, un-

der the pendent venue doctrine, Pacer's lawsuit, including its claim against Jimco, is properly venued in this judicial district. Therefore, Jimco's request for a transfer under § 1406(a) will be denied.

Concerned that its claim against Jimco might be improperly venued and that I might transfer such claim, Pacer suggests, as an alternative, that I transfer the entire action to a district in California pursuant to 28 U.S.C. § 1404(a). However, Pacer makes clear that it seeks such a transfer only "if the court is inclined to transfer the claims against Jimco to California." (Pl.'s Mem. in Opp'n at 4.) As I have stated, I am not so inclined, thus, I need not further consider Pacer's suggestion.

I assume, however, that rather than litigating in this district, Jimco would prefer that the entire case be transferred to a district in California. Therefore, I will also consider Jimco's motion to transfer as if it were a § 1404(a) motion and address the merits of transferring the case. Section 1404(a) authorizes me to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district ... where it might have been brought." All parties agree that Pacer's action might have been brought in a district in California.

■ In order to justify a transfer, the party requesting it must show that the proposed transferee forum is clearly a more convenient forum. *Wayne Pigment Corp. v. Halox,* 220 F.Supp.2d 931, 936 (E.D.Wis.2002). In evaluating a request for transfer under § 1404(a), a court should evaluate a broad set of considerations, including private and public interest factors. *Id.* Private interest factors include plaintiff's choice of forum, the situs of operative events, the convenience of

---

4. Pacer's Carmack Amendment claim against BNSF is also governed by a limiting special

venue statute, but, as stated, BNSF has consented to venue in this district.

the parties and witnesses relative to their respective residences and the parties' abilities to bear the expense of trial in a particular forum. *Id.* Public interest considerations include judicial economy, the expeditious administration of justice, and the availability of compulsory process over possibly unwilling witnesses. *Id.*

In the present case, I am not satisfied that it is clearly more convenient to litigate the case in a district in California than in this district. Judicial economy strongly favors keeping the case here. The case has been litigated for a year and a half, and the court and the litigants have expended considerable time on the matter. Further, the case is set for trial in March 2004. Even if Jimco requested and was granted an adjournment, it is likely that the case could be resolved here sooner than it would be if it were transferred.

I also give considerable weight to the fact that plaintiff chose to litigate in this district. In this connection, I note that, relatively speaking, the amount at stake in this case is not great—less than $100,-000—and to uproot the litigation would surely result in additional expense, making the case less economical to pursue. A transfer would also result in additional expense for defendants Amtrak and BNSF. I recognize that having to litigate in Wisconsin may be inconvenient for Jimco, but the case does not appear to be particularly complicated such that Jimco would be required to import a large number of witnesses. Finally, in the modern world, the distance between Wisconsin and California is less that it once was. Thus, considering Jimco's motion to transfer venue as a § 1404(a) motion, the motion will be denied.

### III. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that Jimco's motion to dismiss for improper venue and its motion to transfer are **DENIED**.